Argued and submitted October 1, 1985, affirmed January 14, 1986

STATE OF OREGON ex rel
DEPARTMENT OF REVENUE,
*Respondent.*

*v.*

CONTROL DATA CORPORATION,
*Appellant.*

(OTC 2182; SC S31596)

713 P2d 30

Edward H. Howell, Judge, Pro Tem.

Scott G. Seidman, Portland, argued the cause and filed the brief for appellant. With him on the brief were Tonkon, Torp, Galen, Marmaduke & Booth.

Marilyn Harbur, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief was Dave Frohnmayer, Attorney General, Salem.

LINDE, J.

## LINDE, J.

Control Data Corporation appeals from a judgment of the Oregon Tax Court on the Department of Revenue's garnishment of wages payable to one of Control Data's Minnesota employees, a former Oregon resident against whom the Department has a judgment for a tax deficiency incurred during his former residency in Oregon.[1] Control Data resists enforcement of the garnishment on the grounds that the exercise of jurisdiction by Oregon courts would deprive the employee of property without due process of law, contrary to the 14th Amendment. The tax court rejected the jurisdictional challenge and entered judgment for the Department. We affirm.

We take the undisputed facts from the tax court's opinion:

"The defendant has its principal place of business in Minnesota but is authorized to do business in the State of Oregon. During the calendar year 1978 William K. Brest (Brest) lived in Oregon and earned income in Oregon subject to the state's income tax laws. In November 1978 Brest terminated his employment in Oregon and was rehired by defendant in Minnesota and has been an employee of defendant in Minnesota since July 18, 1979. Brest did not pay a state income tax deficiency assessed against him for the year 1978 and on November 12, 1980, the Department of Revenue issued a distraint warrant against Brest for the collection of $2,137.50 taxes plus interest. The distraint warrant was docketed in Multnomah County and has the force and effect of a judgment against Brest under ORS 314.430.

"On March 13, 1984, a garnishment was served on defendant at its office in Portland and the defendant answered the writ stating that Oregon courts do not have jurisdiction to enforce garnishment proceedings because Brest, the debtor, 'does not currently reside and receive wages in the State of Oregon.'

"Thereafter and on August 21, 1984, plaintiff filed this suit against defendant Control Data Corporation seeking a judgment for the taxes due. Both parties have moved for a summary judgment."

---

[1] The party bringing suit in this case is the state Department of Revenue. We have been unable to find any reason why this case should have been captioned *State ex rel Department of Revenue v. Control Data Corporation* rather than simply *Department of Revenue v. Control Data Corporation.*

Control Data does not contest that its activities in Oregon give Oregon courts jurisdiction over itself. It also does not dispute the validity of the judgment against its employee, Brest, for the unpaid Oregon income tax deficiency arising from Brest's prior residence and employment in Oregon. Control Data contests the garnishment of wages it owes Brest in Minnesota, because it fears liability to Brest if he can successfully assert that Oregon courts had no jurisdiction to reach his wages in the hands of his employer. What Control Data seeks in this appeal is our determination of the effect that the United States Supreme Court's decision in *Rush v. Savchuk,* 444 US 320, 100 S Ct 571, 62 L Ed 2d 516 (1980), has on wage garnishments by the courts of a state other than the state of the employee's residence.

In *Rush,* Savchuk had moved from Indiana to Minnesota after having been injured in Indiana in an accident involving an automobile driven by an Indiana resident and covered by a liability policy issued in Indiana. Savchuk then sued the driver in Minnesota, seeking to establish jurisdiction in Minnesota's courts by garnishing the obligation of the insurer, which did business in Minnesota, to defend and indemnify the Indiana driver. The purpose of the garnishment, in other words, was to give the Minnesota courts *quasi in rem* jurisdiction over a nonresident defendant who was not personally within their jurisdiction.

At the time, this way of acquiring state court jurisdiction to decide a resident's claim against a nonresident defendant appeared permissible under *Harris v. Balk,* 198 US 215, 25 S Ct 625, 49 L Ed 1023 (1905), as the New York courts had held in *Seider v. Roth,* 17 NY 2d 111, 269 NYS 2d 99, 216 NE2d 312 (1966), and *Simpson v. Loehmann,* 21 NY 2d 305, 287 NYS 2d 633, 234 NE2d 669 (1967). Subsequently, however, the Supreme Court held in *Shaffer v. Heitner,* 433 US 186, 97 S Ct 2569, 53 L Ed 2d 683 (1977), that *quasi in rem* jurisdiction as well as personal jurisdiction over an absent defendant depend on the defendant's "contacts" with the forum state so as to meet "traditional notions of fair play and substantial justice," the formula stated in *International Shoe Co. v. Washington,* 326 US 310, 316, 66 S Ct 154, 90 L Ed 95 (1945). When the Minnesota Supreme Court, on remand to consider Savchuk's case in light of *Shaffer,* reaffirmed its

jurisdiction, *Savchuk v. Rush*, 272 NW2d 888 (Minn 1978), the United States Supreme Court reversed.

Justice Marshall's opinion for the Court noted that neither Rush nor the auto accident giving rise to Savchuk's claim had any connection with Minnesota; the only connection was that Rush's insurance company did business in that state. *Rush v. Savchuk, supra,* 444 US at 327-28. It also rejected Savchuk's theory that, at least to the limits of Rush's liability insurance policy, the litigation was a direct action against the insurer in which the insured, Rush, was only a "nominal defendant." *Id.* at 330-31. Because Rush could not be sued in Minnesota directly, an action in that state's courts could not give rise to any liability of his insurer that, in turn, might be made the subject of an action against the insurer in Minnesota.

■ Although the Supreme Court's terminology of "contacts," "fair play," and "substantial justice" avoids rather than provides a calculus of state court jurisdiction,[2] when one turns from these terms to the actual decisions the present case is very different from *Rush v. Savchuk.* Here the creditor, the Department of Revenue, did not attach assets in the forum state as a way of getting jurisdiction to adjudicate a claim against an absent debtor. This creditor already has a judgment against the debtor, a judgment for unpaid taxes on income earned in Oregon while the debtor lived in Oregon. The Department seeks only to collect this judgment by reaching an asset belonging to the debtor in the hands of Control Data, a third party that unquestionably is present in Oregon.

Control Data does not and, given the facts, could not reasonably dispute that Brest had enough "contacts" with Oregon when he incurred the tax liability to give the Oregon Tax Court jurisdiction to render a judgment for the deficiency. If collection of such a judgment from intangible assets of the judgment debtor that are within the forum's reach were to require renewed jurisdictional links of the debtor to the forum state, it is difficult to see why the debtor could not avoid

---

[2] In its first post-*Shaffer* opinion concerning *quasi in rem* jurisdiction, the Second Circuit Court of Appeals quoted Judge Learned Hand to the effect that the test "leaves the court to 'step from tuft to tuft across the morass.'" *Intermeat, Inc. v. American Poultry Inc.,* 575 F2d 1017, 1023 (2d Cir 1978), *quoting Hutchinson v. Chase & Gilbert,* 45 F2d 139, 142 (2d Cir 1930).

476

payment by moving from state to state, or indeed out of the country, one step ahead of the creditor's efforts to enforce the judgment through the courts of the debtor's residence, for instance under Minnesota statutes cited by Control Data.

■        We do not believe that the 14th Amendment restricts the states' power to execute their courts' valid judgments to that extent. *Shaffer* itself suggests the contrary:

> "Once it has been determined by a court of competent jurisdiction that the defendant is a debtor of the plaintiff, there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property, whether or not that State would have jurisdiction to determine the existence of the debt as an original matter."

*Shaffer v. Heitner, supra,* 433 US at 210 n 36.

We doubt that Brest's removal from Oregon deprived Oregon courts of jurisdiction to determine as an original matter (*e.g.,* by a prejudgment garnishment) the existence of a debt arising from his prior residence and employment in Oregon; but even if it did, when such a judgment has already been rendered, the quoted principle would allow the creditor to realize on it by reaching an asset of the debtor that is amenable to process in Oregon.[3]

Control Data does not assert that either the distraint warrant or the garnishment procedure violated any rights of its employee apart from the obstacle it perceives in *Rush v. Savchuk, supra,* to Oregon's enforcement of the post-judgment garnishment in its own courts. Because we consider Control Data's doubts on that score unfounded, the decision of the tax court is affirmed.

---

[3] Professor Vernon has commented:

"* * * The exemption of proceedings to realize on judgments from the minimum contacts standard of *International Shoe* is pragmatically necessary if judgment debtors are to be prevented from shielding their assets from judgment creditors by shipping the assets to a state with which the underlying litigation had no prior connection."

Vernon, *State-Court Jurisdiction: A Preliminary Inquiry into the Impact of* Shaffer v. Heitner, 63 Iowa L Rev 997, 1008 (1978).

An objection by a garnishee or other holder of a judgment debtor's property who denies that the original judgment was within the court's jurisdiction might present a different issue.