**SMITH BARNEY, INC., Plaintiff,**

v.

**Ursula EKINCI, et al., Defendants.**

**Civil No. 95–407–P–H.**

United States District Court,
D. Maine.

Sept. 10, 1996.

Andrew M. Horton, Verrill & Dana, Portland, ME, for Plaintiff.

Jeffrey P. Towne, Waterville, ME, for Defendant.

Stanley A. Teitler, New York City, E. James Burke, Lewiston, ME, for Default Defendant.

## ORDER ON DEFENDANT URSULA EKINCI'S MOTION FOR PARTIAL SUMMARY JUDGMENT

HORNBY, District Judge.

This interpleader action is brought pursuant to 28 U.S.C. § 1335 by a New York brokerage house with offices in Maine and throughout the country. It seeks to determine the priority of claims against the accounts of one of its clients. The competing claims are: (1) that of a Maine resident who obtained permission to serve an *ex parte* trustee process and then obtained a disclosure from the trustee (the brokerage house) in connection with a Maine divorce action against her husband,[1] the brokerage house's client; and (2) her husband's New York lawyer, a professional corporation that later obtained a New York voluntary judgment by confession from the husband in connection with representing the husband in defending federal criminal proceedings in New York state, and then served a restraining notice on the brokerage house in New York for the husband's accounts. As framed by the contesting parties—the divorced wife and the New York lawyer's professional corporation—the issue is a question of personal jurisdiction here in Maine along the lines of *Harris v. Balk*, 198 U.S. 215, 25 S.Ct. 625, 49 L.Ed. 1023 (1905), and *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1976). I conclude that the *ex parte* trustee process served here in Maine on the Maine office of the New York brokerage house was valid. As a result, because it was first in time, it takes priority over the New York judgment by confession and restraining notice.

Ursula Ekinci began her divorce lawsuit against her husband, Fevzi Ekinci, on February 11, 1994. The couple had lived together in Maine during the early years of their marriage, but the husband later moved to New York. At first, he contested personal jurisdiction of the Maine Superior Court in the divorce action, but chose not to press that argument after receiving an adverse ruling in 1994. (His brief on appeal to the Maine Law Court, Docket No. AND–96–146, from the final divorce judgment reveals that no personal jurisdiction argument is raised.) Ursula Ekinci received judicial approval from the Superior Court for an *ex parte* trustee process and pursuant to the Maine rules served a trustee disclosure on April 17, 1995, on the Portland, Maine office of Smith Barney, Inc. Smith Barney disclosed that it had obligations to her husband totaling $116,607.41 and $19.09 arising out of accounts the husband carried at its New York office. Later, on July 10, 1995, the husband entered into a judgment by confession with the professional corporation of Attorney Stanley A. Teitler of New York as consideration for Attorney Teitler's agreement to represent

---

1. The husband was named as a party, but default has been entered against him.

him on various criminal and other charges in New York state and the professional corporation then served a restraining notice in New York on Smith Barney. Thus, both the wife and the lawyer's professional corporation have made demands upon Smith Barney for amounts allegedly due them. Smith Barney has brought this interpleader action as a result. Smith Barney claims no interest in the outcome of the proceedings as long as it has only a single obligation.

 Despite the interesting jurisdictional arguments lurking around this controversy, the facts make it fairly simple. After 1994, there was no dispute concerning the Maine court's personal jurisdiction over the husband in the divorce action. The Maine court, therefore, likewise had jurisdiction over his assets for purposes of the divorce decree. As a result, this is not a case where seizure of an asset is being used to justify jurisdiction, and *Harris v. Balk, supra,* and *Shaffer v. Heitner, supra,* need not be parsed. *See Champion Int'l Corp. v. Ayars,* 587 F.Supp. 1274, 1275 n. 1. (D.Conn.1984) (noting that if a state court had undisputed jurisdiction over the parties, it is unnecessary to enter into *Harris*'s and *Shaffer*'s "jurisdictional thicket"). The Maine court had jurisdiction over both the wife and husband, and the debtor, Smith Barney, submitted to jurisdiction. The trustee process against the husband's Smith Barney accounts, therefore, was proper. There is significant caselaw supporting this conclusion. *See Smith v. Lorillard, Inc.,* 945 F.2d 745, 746 (4th Cir.1991) (finding *Shaffer* inapplicable when the court is simply enforcing the valid judgment of another court which had *in personam* jurisdiction of the parties); *Department of Revenue v. Control Data Corp.,* 300 Or. 471, 476, 713 P.2d 30, 32 (1986); *Poston v. Poston,* 161 Vt. 591, 593, 657 A.2d 1076, 1078 (1993). Because the trustee process was served and the trustee disclosure occurred before the consent judgment in New York, the Maine process has priority.

 The New York lawyer's professional corporation does not have standing to raise the other issues it presses, such as whether *ex parte* process was appropriate in the divorce action. To the extent it tries to raise such issues, it stands in the shoes of the husband, and the husband had full opportunity to raise such issues in the Maine lawsuit to which he was a party.

Moreover, the New York lawyer's professional corporation has defaulted on both the wife's cross-claim against it and Smith Barney's interpleader. (Although it subsequently filed a late answer to the interpleader, it never sought leave to file it, default having been entered previously; and although it has recently sought to remove the default, neither the late answer nor the recent motion is signed by the lawyer representing it here in Maine. *See* Local Rule 5(c)(1).)

 Finally, I reject the argument that commencement of a federal action is measured by state law. Fed.R.Civ.P. 3 controls and provides that the federal lawsuit is commenced upon the filing of the complaint, here an event that occurred on December 19, 1995. No stay of this action is required pending the outcome of the New York action and the interpleader action is appropriate given the conflicting claims presented to Smith Barney.

Accordingly, partial summary judgment is GRANTED as follows: The Maine trustee process takes priority over the New York judgment by confession and restraining notice. The Clerk's Office shall schedule a conference of counsel to determine whether any further proceedings are required in this case.

**SO ORDERED.**