958 P.2d 457

**DESERT WIDE CABLING & INSTAL-LATION, INC., an Arizona corporation, Plaintiff–Appellee,**

v.

**WELLS FARGO & CO., N.A., Garnishee–Appellant.**

No. 1 CA–CV 97–0457.

Court of Appeals of Arizona, Division 1, Department E.

May 14, 1998.

As Corrected June 23, 1998.

of driving, one may still be impaired and guilty of driving under the influence.

Law Offices of Paul Weich by Paul Weich, Phoenix, for Plaintiff–Appellee.

Lewis & Roca LLP by Pamela B. Petersen and Office of the Chief Counsel, Wells Fargo Bank, National Association by Deanna Salazar, Phoenix, for Garnishee–Appellant.

## OPINION

KLEINSCHMIDT, Judge.

¶ 1 In this case we hold that an Arizona court does not have jurisdiction to issue a writ of garnishment to attach a bank account in an out-of-state branch of an interstate bank which does business in Arizona. We reverse the judgment against the garnishee.

¶ 2 The plaintiff in this case, Desert Wide Cabling, had a judgment against Quadra Computers, Inc. In the belief that Premises One owed money to Quadra Computers, Desert Wide served a writ of garnishment on Premises One. Premises One failed to answer the writ, and Desert Wide obtained a default judgment against it from the Superior Court of Maricopa County for $33,215.33.

¶ 3 Premises One had a bank account at a Huntington Beach, California, branch of

*Id.* at 195, 908 P.2d at 9.

Wells Fargo & Co., N.A., a bank that does business in a number of states including Arizona. Desert Wide sought to collect its judgment from Premises One's account by serving a writ of garnishment issued by the Arizona court on the manager of the Huntington Beach branch. When the bank did not answer the writ, Desert Wide took judgment against the bank in the Arizona court for the amount of its judgment against Premises One plus attorneys' fees. The bank appealed.

■ ¶ 4 The validity of an attachment served on an interstate bank is determined by the law of the state in which process issues. *Shinto Shipping Co. v. Fibrex & Shipping Co.*, 425 F.Supp. 1088, 1091 (N.D.Cal.1976). This case, then, is controlled by Arizona Revised Statutes Annotated ("A.R.S.") section 12–1577(A), which specifies the sole method of serving a writ of garnishment on a bank:

> Monies owing to a judgment debtor by a [bank] ... maintaining branch offices ... may be levied upon by serving a copy of the writ of garnishment upon the manager or other officer of such [bank] ... *at any office or branch thereof located in the county where such service is made.* No garnishment shall be effective as to any debt owing by such [bank] ... if the account evidencing such indebtedness is carried at an office or branch other than the office or branch named in the writ and at which service is made ... unless the service of the writ is accompanied by a cash tender of twenty-five dollars to the garnishee as costs for the search. Upon the payment of the search fee the writ shall be effective as to any debt owing by such [bank] ... if the account evidencing such indebtedness is carried at any office or branch thereof located in the county in which service is made ... but shall not be effective as to any debt owing by such [bank] ... if the account evidencing such indebtedness is carried at an office or branch thereof located in a county other than the county in which service is made....

(Emphasis added.)

■ ¶ 5 The question is whether the legislature, in requiring the writ to be served in the county where the account is maintained, was referring to counties within the state of Arizona or to counties in other states as well. We conclude that the legislature was referring only to counties in Arizona. Assuming that the legislature had the power to give the law extraterritorial effect, we think it would have said so explicitly if that were its purpose. Statutory enactments are presumed to be confined to operation within the state in the absence of an express statement to the contrary. *Farnsworth v. Hubbard,* 78 Ariz. 160, 168, 277 P.2d 252, 260 (1954).

■ ¶ 6 Courts will not read into a statute something that is not within the manifest intent of the legislature as reflected by the statute itself. *Town of Scottsdale v. State,* 98 Ariz. 382, 386, 405 P.2d 871, 875 (1965). While there is no legislative history as to section 12–1577, one apparent purpose is to limit the burden on banks to search every branch for an account subject to the writ. Another such apparent purpose is to avoid the confusion that might result if writs of garnishment could be served at a place far removed from the branch where the account is maintained. For example, if a writ were served on the home office of a bank to attach an account at a distant branch, and if the home office delayed in notifying the branch, money might be paid out of the account after the garnishment had been served. The statute addresses these perceived problems, and there is no reason to believe that it was intended to do anything more than that. The fact that the advent of electronic record-keeping and communication may have obviated the problem the statute addresses does not permit us to expand the statute to encompass a purpose the legislature did not intend.

¶ 7 Other courts which have considered whether a writ of garnishment can be served out of state have gone both ways. *Compare Baker v. Bennett,* 644 So.2d 901 (Ala.1994) (holding that Alabama court did not have jurisdiction for garnishment purposes over judgment debtor's accounts with national securities firms, given evidence that debtor did not have any accounts in the state) *with State v. Control Data Corp.,* 300 Or. 471, 713 P.2d

30 (1986) (holding that in a garnishment action brought by the Department of Revenue, Oregon courts have jurisdiction to reach wages of Minnesota employee because of employee's sufficient "contacts" with Oregon when he incurred the tax liability). *Baker* is in accord with the Restatement, which provides that a writ of garnishment cannot reach property outside the territorial jurisdiction of the issuing court. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 67(b) (1969). None of the cases surveyed which allowed extraterritorial jurisdiction has a statute like A.R.S. section 12–1577.

¶ 8 The bank raised another issue on appeal. It argued that the trial court erred in denying its motion for relief from judgment based on its claim that it did not receive notice of the hearing at which judgment was entered against it. As we understand what the bank's counsel said on this point at oral argument, the bank, having prevailed on the main question, is willing to waive this issue.

¶ 9 The judgment of the trial court is vacated.

SULT, P.J., and GARBARINO, J., concur.