233 P.3d 655

**ELLSWORTH LAND AND LIVESTOCK INC., an Arizona corporation; Triple E Investments, LLC, an Arizona limited liability company, Plaintiffs/Judgment Creditors/Appellees,**

v.

**Maria BUSH, a single woman, Defendant/Judgment Debtor/Appellant.**

**The Canada Life Assurance Company, Garnishee/Appellee.**

No. 1 CA–CV 09–0400.

Court of Appeals of Arizona, Division 1, Department A.

June 22, 2010.

Sacks Tierney, PA by James W. Armstrong and Steven R. Beeghley, Scottsdale, Attorneys for Plaintiff/Appellee/Judgment Creditor.

Law Offices of Kenneth P. Bemis by Kenneth P. Bemis, Phoenix, Attorneys for Defendant/Appellant/Judgment Debtor, Bush.

Bryan Cave LLP by Melissa R. Costello, Phoenix, Attorneys for Appellee/Garnishee, Canada Life Assurance Company.

## OPINION

OROZCO, Judge.

¶ 1 Appellant Maria Bush (Bush) appeals the trial court's judgment and order of continuing lien against garnishee, the Canada Life Assurance Company (Canada Life). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶ 2 On January 26, 2007, a judgment was entered against Bush and in favor of Appellees Ellsworth Land and Livestock, Inc. and Triple E Investments, LLC (collectively, Ellsworth). The judgment awarded Ellsworth damages against Bush and Susan Harrison (Harrison)[1] jointly and severally in the amount of $1,090,000.00, plus post-judgment interest at a rate of 10% per annum.[2] As part of its investigation into Bush's assets, Ellsworth discovered Bush was receiving annuity payments from Canada Life in satisfaction of its debt to her as the beneficiary. Ellsworth subsequently filed an application for a writ of garnishment (Writ of Garnishment) compelling Canada Life to remit future annuity payments to Ellsworth. A summons and the Writ of Garnishment were served upon Canada Life through its authorized agent in Arizona, the director of the Arizona Department of Insurance (ADI).

¶ 3 On March 26, 2009, Bush filed a consolidated request for a hearing and a motion to quash the Writ of Garnishment, arguing, among other things, "that a Writ of Garnishment cannot reach property outside the territorial jurisdiction of the issuing court." The next day, Ellsworth filed an application for judgment and order of continuing lien against Canada Life. On April 6, 2009, Bush filed a hearing memorandum and in support of the objection to the Writ of Garnishment and Motion to Quash. She again argued that the trial court had no jurisdiction to grant the Writ of Garnishment because Canada Life does not possess any property owed to Bush within the State of Arizona.

¶ 4 A garnishment hearing was held on April 7, 2009. The trial court ordered further briefing on the issue and took the matter under advisement. On May 1, 2009, after further briefing was complete, the trial court denied Bush's objection and issued a final judgment and order of continuing lien against Canada Life in favor of Ellsworth. Bush filed a timely notice of appeal and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12–120.21.A.1 and –2101.F.3 (2003).

## DISCUSSION

¶ 5 Bush presents one issue on appeal: whether the trial court had jurisdiction to grant the Writ of Garnishment against Canada Life. We review jurisdictional issues de novo. *R.A.J. v. L.B.V.*, 169 Ariz. 92, 94, 817 P.2d 37, 39 (App.1991).

¶ 6 Bush argues the trial court had no jurisdiction to grant the Writ of Garnishment because Canada Life did not possess any property owed to Bush within the State of Arizona. Bush primarily relies on our opinion in *Desert Wide Cabling & Installation v. Wells Fargo & Co.*, 191 Ariz. 516, 958 P.2d 457 (App.1998), and more specifically, our discussion in that case regarding the Restatement (Second) of Conflict of Laws § 67(b) (1971). As Ellsworth correctly ar-

---

1.  Although Harrison is named as a party in the underlying matter, she is not a party to this appeal. Her presence as a co-defendant in the underlying action does not affect this appeal.

2.  The trial court also awarded Ellsworth costs in the amount of $616.60, plus post-judgment interest at a rate of 10% per annum.

gues, however, both *Desert Wide Cabling & Installation* and Section 67(b) are inapplicable in this case.

¶ 7 *Desert Wide Cabling & Installation* involved an application for a writ of garnishment to attach to a bank account located exclusively in the State of California. 191 Ariz. at 516–17, 958 P.2d at 457–58. As a result, that case was controlled by our interpretation of A.R.S. § 12–1577.A (2003),[3] "which specifies the sole method of serving a writ of garnishment on a bank." *Id.* at 517, 958 P.2d at 458. In this case, the Writ of Garnishment is not directed to a bank and thus A.R.S. § 12–1577.A is inapplicable.

■ ¶ 8 Nevertheless, Bush relies on dicta from *Desert Wide Cabling & Installation* in which we cited Section 67(b) to state "that a writ of garnishment cannot reach property outside the territorial jurisdiction of the issuing court." *Id.* at 518, 958 P.2d at 459. Entitled "Garnishment Of Person In Possession Of Chattel," Section 67 provides:

> A state has power to exercise judicial jurisdiction to apply to the satisfaction of a claim a *chattel* belonging to the person against whom the claim is asserted, but which is in the possession or control of another person, if
>
> (a) the other person is subject to the judicial jurisdiction of the state, and
>
> (b) the *chattel* to be applied is within the state.

(Emphasis added.)

■ ¶ 9 Ellsworth argues Bush incorrectly relies on Section 67 because the annuity paid by Canada Life is not considered "chattel." Instead, Ellsworth contends the annuity constitutes a "debt" and therefore may be garnished under the requirements described in the Restatement (Second) of Conflict of Laws § 68 (1971). Section 68 is entitled "Garnishment Of Person Owing Debt To Principal Debtor" and provides in part:

In contrast to chattels (see § 67, Comment b), only two requirements must be met to permit the garnishment of a debt. First, maintenance of the action must be authorized by a statute, since garnishment proceedings do not lie at common law.... Second, the state must have judicial jurisdiction over the garnishee (the debtor of the principal debtor). There is no further requirement, as in the case of chattels, relating to the situs of the thing. Subject to certain possible qualifications mentioned in Comment c, a debt may be garnished wherever personal jurisdiction may be exercised over the garnishee.[4]

¶ 10 In this case, Ellsworth applied for the garnishment of annuity payments. An "annuity" is defined as "[a]n obligation to pay a stated sum, usu. monthly or annually, to a stated recipient." Black's Law Dictionary 99 (8th ed. 2004). Similarly, a "debt" is defined as a "[l]iability on a claim; a specific sum of money due by agreement or otherwise." Black's Law Dictionary 432 (8th ed. 2004). In contrast, "chattel" is defined as "[m]ovable or transferable property; personal property; esp., a physical object capable of manual delivery and not the subject matter of real property." Black's Law Dictionary 251 (8th ed. 2004). Based on these definitions, the Writ of Garnishment in this case is more properly examined under Section 68, which we adopt for purposes of this opinion and apply accordingly.

■ ¶ 11 Under Section 68, "a debt may be garnished wherever personal jurisdiction may be exercised over the garnishee." Additionally, "[t]here is no further requirement, as in the case of chattels, relating to the situs of the thing." Restatement (Second) of Conflict of Laws § 68. Thus, the trial court in this case could properly garnish the annuity payments if it had personal jurisdiction over Canada Life. Personal jurisdiction was established when Ellsworth served the Writ of

---

3. We cite to the current version of the applicable statutes because no revisions material to this decision have since occurred.

4. Absent Arizona law to the contrary, we may rely on the Restatement for guidance. *Ft. Lowell–NSS Ltd. P'ship v. Kelly*, 166 Ariz. 96, 102, 800 P.2d 962, 968 (1990). Our review of Arizona law supports adopting Section 68 for garnishment proceedings such as the one in this case. *See Weitzel v. Weitzel*, 27 Ariz. 117, 230 P. 1106 (1924) (where jurisdiction over the garnishee was acquired by personal service, the garnishment of a debt was allowed even though the debt was held outside of Arizona).

Garnishment upon Canada Life's authorized agent in Arizona, the director of ADI.[5] *See Bohreer v. Erie Ins. Exchange,* 216 Ariz. 208, 212, ¶ 11, 165 P.3d 186, 190 (App.2007) ("Service on the director is the only way to serve a foreign insurer and is just as effective as if there was personal service on the insurer within the state."); A.R.S. § 20–221.B (2002); Ariz. R. Civ. P. 4.2(a). Because Canada Life was subject to personal jurisdiction in Arizona, and the garnished property is considered a "debt," the trial court did not err in issuing a judgment and order of continuing lien against Canada Life in favor of Ellsworth.

¶ 12 We find support for this holding in *State v. W. Union Fin. Servs., Inc.,* 220 Ariz. 567, 574, ¶ 30, 208 P.3d 218, 225 (2009), where the Arizona Supreme Court held that the relevant jurisdictional analysis for a debt owed by a foreign corporation "properly focuses on whether the garnishee is subject to the specific or general jurisdiction of the forum state, not whether the intangible res is located there."

### CONCLUSION

¶ 13 For the above mentioned reasons, we affirm the trial court's judgment and order of continuing lien against Canada Life.

CONCURRING: DANIEL A. BARKER, Judge and LAWRENCE F. WINTHROP, Judge.

---

5. Bush does not dispute the trial court had personal jurisdiction over Canada Life; rather, Bush argues Ellsworth was required, and failed, to establish that the trial court had jurisdiction over the annuity payments. Because Section 68 does not require jurisdiction over the payments, we reject this argument.