**132 Nev., Advance Opinion 78**
IN THE SUPREME COURT OF THE STATE OF NEVADA

PACIFIC WESTERN BANK, A
CALIFORNIA BANKING
CORPORATION,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
SUSAN SCANN, DISTRICT JUDGE,
Respondents,
and
DARRIN D. BADGER, AN
INDIVIDUAL; AND VINCENT T.
SCHETTLER, AN INDIVIDUAL,
Real Parties in Interest.

No. 69048



FILED

NOV 03 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus challenging a district court order in a proceeding to enforce a domesticated judgment.

*Petition granted in part.*

Snell & Wilmer, LLP, and Bob L. Olson, Kelly H. Dove, and Karl O. Riley, Las Vegas,
for Petitioner.

Fox Rothschild, LLP, and Mark J. Connot, Las Vegas; Reid Rubinstein & Bogatz and I. Scott Bogatz and Charles M. Vlasic, III, Las Vegas,
for Real Party in Interest Darrin D. Badger.

Glen J. Lerner & Associates and Corey M. Eschweiler, Las Vegas,
for Real Party in Interest Vincent T. Schettler.

SUPREME COURT
OF
NEVADA

(O) 1947A

16-34256

BEFORE CHERRY, DOUGLAS and GIBBONS, JJ.

## OPINION

By the Court, GIBBONS, J.:

In this opinion, we consider whether certain funds contained in financial accounts under 26 U.S.C. § 529 (2012) (529 accounts) constitute a debt and whether they are subject to execution and garnishment in Nevada despite their physical location in New Mexico. In doing so, we grant the petition in part, concluding that funds contained in 529 accounts constitute a debt and that these funds are subject to execution and garnishment in Nevada despite their physical location elsewhere. Specifically, we adopt Section 68 of the Restatement (Second) of Conflict of Laws and conclude that funds contained in 529 accounts are a debt, not a chattel. Accordingly, the district court had the power to garnish the debt through service of a writ of garnishment upon the accounts' administrator, Nevada affiliate Wells Fargo Advisors (WFA).

## FACTS AND PROCEDURAL HISTORY

Petitioner Pacific Western Bank loaned real parties in interest Darren D. Badger, John A. Ritter,[1] and Vincent T. Schettler (together, "the debtors") approximately $10,000,000. The debtors defaulted on the loan. Pacific Western sued the debtors in California, and a California court issued a judgment in favor of Pacific Western and against the debtors in the amount of $2,497,568.73, plus interest. Pacific Western later domesticated the judgment in Nevada.

---

[1]The petition has been dismissed as to Ritter.

 

In efforts to collect on the judgment, Pacific Western caused the constable to serve WFA, a company that administered three 529 accounts on Badger's behalf, with a writ of execution and garnishment on July 22, 2015, ordering WFA to release funds held in the name or for the benefit of Badger. WFA served a written answer on the constable. According to WFA's answer, WFA "maintained or referenced" the 529 accounts on Badger's behalf. However, WFA also noted that the 529 account "shares are actually maintained at [Scholar's Edge], a mutual funds company through the 529 Plan accounts. Since these assets are not held at Wells Fargo Advisors, LLC they are not restricted subject to the [w]rit of [g]arnishment."

Badger claimed an exemption, asserting that the 529 accounts were exempt from execution under NRS 21.090(1)(r)(5) (qualified tuition programs). He also claimed that the funds in the 529 accounts were exempt under NRS 21.090(1)(s) (court-ordered child support) because the accounts were largely funded under an order to set money aside for his children's college education pursuant to a decree of divorce. Badger's three children also filed separate claims of exemption. Each child claimed that the funds held in the 529 accounts on his or her behalf were exempt pursuant to NRS 21.090.

Pacific Western filed an objection to Badger's claim of exemption and the family claims of exemption, arguing that the 529 accounts were not exempt under NRS 21.090(1)(r)(5). Badger filed a response to Pacific Western's objections, claiming that the 529 accounts are outside the reach of Pacific Western and outside of the Nevada district court's jurisdiction because they were located in New Mexico. Badger's

response further claimed that the funds held in the 529 accounts are completely exempt under New Mexico law.

The district court heard argument on the claimed exemptions and jurisdictional issue. Counsel for Pacific Western stated that "although the funds were deposited with [WFA] and the account was clearly to be accounts under 529, as well as the statute 21.090, [WFA] has apparently invested the funds . . . and those funds physically are with . . . New Mexico." The district court then characterized the relationship between WFA and Scholar's Edge as "[WFA] chose a vehicle for investment from New Mexico"—namely, Scholar's Edge. The district court stated that it would be more appropriate for the 529 accounts to be addressed in New Mexico, since the 529 accounts were managed and controlled by a New Mexico entity, and declined to make a determination regarding the 529 accounts.

The district court ultimately issued an order quashing the writs of execution and garnishment served upon WFA. With respect to the 529 accounts, the district court ordered that "because the funds held in the [529 accounts] for the benefit of Darrin D. Badger's children . . . are physically located in New Mexico with Scholar's Edge, a New Mexico court must decide whether these funds are exempt from execution." Pacific Western filed a petition for a writ of mandamus with this court challenging the district court's ruling that Pacific Western must attempt to execute upon Badger's 529 accounts in New Mexico.

### DISCUSSION

*Consideration of the writ petition*

"This court has original jurisdiction to issue writs of mandamus." *MountainView Hosp., Inc. v. Eighth Judicial Dist. Court*, 128 Nev. 180, 184, 273 P.3d 861, 864 (2012); *see also* Nev. Const. art. 6, § 4. A

SUPREME COURT
OF
NEVADA

(O) 1947A

writ of mandamus is available "to control an arbitrary or capricious exercise of discretion." *Humphries v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 85, 312 P.3d 484, 486 (2013) (internal quotation marks omitted). Additionally, "[w]hether extraordinary writ relief will issue is solely within this court's discretion." *MountainView*, 128 Nev. at 184, 273 P.3d at 864. Where there is no "plain, speedy, and adequate remedy" available at law, extraordinary relief may be available. NRS 34.170; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Further, this court may address writ petitions when they "raise important issues of law in need of clarification, involving significant public policy concerns, of which this court's review would promote sound judicial economy." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 122 Nev. 132, 142-43, 127 P.3d 1088, 1096 (2006).

We exercise our discretion to consider this writ petition because the petition involves a significant and potentially recurring question of law in need of clarification. Namely, the petition inquires whether a district court has jurisdiction to subject accounts held as a debt to execution, despite their physical location in another state. This issue is novel to the state of Nevada and prompts us to adopt Section 68 of the Restatement (Second) of Conflict of Laws to prevent further confusion. Accordingly, we conclude that this writ petition warrants our consideration.[2]

---

[2]This court previously issued an order to show cause why this proceeding is not moot based on this court's opinion in *Badger v. Eighth Judicial District Court*, 132 Nev., Adv. Op. 39, 373 P.3d 89 (2016). After reviewing petitioner's response to the order, this court has determined that this writ petition is not moot.

*Merits of the writ petition*

In the context of a writ petition, statutory interpretation is a question of law that this court reviews de novo. *Otak Nev., LLC v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 86, 312 P.3d 491, 498 (2013). Statutory language must be given its plain meaning if it is clear and unambiguous. *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 476, 168 P.3d 731, 737 (2007).

*The district court had jurisdiction to subject the 529 accounts to execution consistent with Section 68 of the Restatement (Second) of Conflict of Laws, which this court now adopts*

Pacific Western argues that the 529 accounts are essentially a debt owed to Badger by WFA. Pacific Western's argument is based upon the definition of "debt" as set forth in *Black's Law Dictionary* and as construed by the United States Supreme Court in *Cohen v. de la Cruz*, 523 U.S. 213, 218-20 (1998), and *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 21 (1995), under which funds in a financial account constitute debts because depositing funds into such an account creates a right to payment at the request of the depositor. Thus, Pacific Western argues that the district court may garnish the 529 accounts regardless of their physical location pursuant to Section 68 of the Restatement (Second) of Conflict of Laws, under which the situs of the debt is immaterial. We agree and expressly adopt Section 68 of the Restatement (Second) of Conflict of Laws.

Section 68 of the Restatement (Second) of Conflict of Laws provides that

> [a] state has power to exercise judicial jurisdiction to apply to the satisfaction of a claim an obligation owed to the person against whom the claim is asserted if the obligor is subject to the judicial jurisdiction of the state, even though the state

Supreme Court
OF
Nevada

(O) 1947A

> lacks jurisdiction over the person against whom the claim is asserted.

Restatement (Second) of Conflict of Laws § 68 (Am. Law Inst. 1971). Comment b to Section 68 of the Restatement states that there are only two requirements that must be met to permit garnishment of a debt: (1) "maintenance of the action must be authorized by a statute," and (2) "the state must have judicial jurisdiction over the [debtor/]garnishee." Restatement (Second) of Conflict of Laws § 68 cmt. b (Am. Law Inst. 1971). Aside from these, "[t]here is no further requirement, as in the case of chattels, relating to the situs of the thing. . . . [A] debt may be garnished wherever personal jurisdiction may be exercised over the garnishee." *Id.* Consistent with the Restatement's guidance, a number of courts from other jurisdictions have executed upon debts based on jurisdiction over the broker. *See, e.g, Smith Barney, Inc. v. Ekinci*, 937 F. Supp. 59, 61 (D. Me. 1996) (determining jurisdiction over a party and that party's broker also gave the court jurisdiction over assets held by the broker in out-of-state accounts); *State v. W. Union Fin. Servs., Inc.*, 208 P.3d 218, 225 (Ariz. 2009) (recognizing that, where the debt involves a post-judgment garnishment, the "relevant jurisdictional analysis in such cases properly focuses on whether the garnishee is subject to the specific or general jurisdiction of the forum state, not whether the intangible res is located there"). Further, this court consistently looks to the Restatement (Second) of Conflict of Laws for guidance, and has adopted its provisions on many occasions. *See, e.g., Progressive Gulf Ins. Co. v. Faehnrich*, 130 Nev., Adv. Op. 19, 327 P.3d 1061, 1063 (2014) ("Nevada tends to follow the Restatement (Second) of Conflict of Laws (1971) in determining choice-of-law questions involving contracts . . . ."); *Dictor v. Creative Mgmt. Servs., LLC*, 126 Nev. 41, 47, 223 P.3d 332, 336 (2010); *Wyeth v. Rowatt*, 126 Nev.

446, 461, 244 P.3d 765, 775 (2010); *Gen. Motors Corp. v. Eighth Judicial Dist. Court*, 122 Nev. 466, 473, 134 P.3d 111, 116 (2006).

With respect to the first requirement, NRS Chapter 21 governs writs of execution. NRS 21.070 provides that "[w]here the execution is against the property of the judgment debtor [and] requires the delivery of real or personal property, it shall be issued to the sheriff of the county where the property, or some part thereof, is situated." Under NRS 21.120, "[i]f personal property, including debts . . . is not in the possession or control of the debtor, the sheriff . . . shall serve a writ of garnishment in aid of execution upon the party in whose possession or control the property is found." A "debt" is defined as a "[l]iability on a claim; a specific sum of money due by agreement or otherwise." *Debt, Black's Law Dictionary* (8th ed. 2004).

More specifically, NRS 31.450, which outlines the procedure and policy goals for post-judgment issuance of a writ of garnishment, provides the following:

> Any person having a judgment remaining unsatisfied in any court of record in the State . . . may, without application to the court, have a writ of garnishment issued, and thereupon attach . . . debts . . . and other personal property of the judgment debtor in the possession or under the control of any third person as garnishee, for the security of such judgment, . . . and all courts shall be liberal in allowing amendments, and in construing this chapter so as to promote the objects thereof.

Further, where a third party other than the actual debtor is served with such a writ, the named garnishee must be "indebted to or [have] property in the garnishee's possession or under the garnishee's control belonging to the defendant." NRS 31.249(2)(b). In *Ellsworth Land & Livestock, Inc. v.*

*Bush*, 233 P.3d 655, 657-58 (Ariz. Ct. App. 2010), the Arizona Court of Appeals concluded that annuity payments subject to a writ of garnishment served upon a garnishee/debtor were properly examined as a "debt" under Section 68 of the Restatement, as opposed to "chattel" under Section 67 of the Restatement.

The parties and garnishee WFA agree that the 529 accounts are located at Scholar's Edge in New Mexico. WFA is a nonbank affiliate of Wells Fargo & Company providing advisory services, asset management, business services, college savings planning, retirement planning, and other financial services. The record establishes that Scholar's Edge plans operate as follows:

> Scholar's Edge® is operated as a qualified tuition program offered by The Education Trust Board of New Mexico and is available to all U.S. residents.... These securities are neither FDIC insured nor guaranteed and may lose value. Although money contributed to Scholar's Edge will be invested in portfolios that invest in underlying mutual funds from OppenheimerFunds, Scholar's Edge is not a mutual fund. The state of New Mexico has created a trust specifically for the purpose of offering 529 college savings plans, including Scholar's Edge. An investment in Scholar's Edge is an investment in municipal fund securities that are issued and offered by the trust.

The relationship between WFA and Scholar's Edge is such that WFA retained maintenance of the funds in the 529 accounts.[3] The 529 accounts

---

[3]While Badger argues that WFA is not a custodian of customer funds and that Scholar's Edge holds the funds contained in the 529 accounts, WFA acknowledged that it "maintained or referenced" the 529 accounts on Badger's behalf. Further, the district court stated that WFA

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

that are under WFA's control belong to Badger, the defendant against whom Pacific Western secured the underlying judgment, and thus are subject to garnishment under NRS 31.450.

In adopting Section 68 of the Restatement, we conclude that the funds contained in the 529 accounts are a debt, not a chattel. As such, the funds are subject to execution and garnishment in Nevada regardless of location of the funds in New Mexico. Analyzing the funds as a debt under the Restatement, the two requirements to permit garnishment of a debt are satisfied here. *See* Restatement (Second) of Conflict of Laws § 68 cmt. b (1971). First, maintenance of the action is authorized by NRS 31.450, which authorizes the issuance of a post-judgment writ of garnishment and liberal construction of a judgment creditor's ability to collect. Further, NRS 21.120 authorizes garnishment against the party in whose "possession or control" the property is found—where WFA acknowledged that it "maintained or referenced" the account on Badger's behalf, and execution of the funds does not involve the physical delivery of real or personal property pursuant to NRS 21.070. As to the second requirement that the state have judicial jurisdiction over the debtor/garnishee, it is undisputed the Nevada courts have jurisdiction over WFA and Badger. Thus, pursuant to Section 68 of the Restatement, the debt may be garnished in Nevada, regardless of the location of the funds.

Therefore, we conclude that the funds contained in the 529 accounts are a debt that the district court had the power to garnish

---

...*continued*
had merely invested the funds in the 529 accounts with Scholar's Edge in New Mexico on Badger's behalf.

through service of a writ of garnishment upon WFA pursuant to Section 68 of the Restatement (Second) of Conflict of Laws.

## CONCLUSION

We choose to entertain Pacific Western's petition for a writ of mandamus. In doing so, we grant the writ petition in part, concluding that the funds contained in the 529 accounts are a debt, not a chattel. As such, we conclude that the district court had the power to garnish the debt through service of a writ of garnishment upon WFA pursuant to Section 68 of the Restatement (Second) of Conflict of Laws. Therefore, we direct the clerk of this court to issue a writ of mandamus instructing the district court to vacate its order quashing the writs of execution and garnishment and to proceed with a determination on the claims for exemption.

_____, J.
Gibbons

We concur:

_____, J.
Cherry

_____, J.
Douglas