KEVIN RAY BUCKWALTER, M.D.; AND KEVIN RAY BUCK-
WALTER, M.D., LTD., Petitioners, v. THE EIGHTH
JUDICIAL DISTRICT COURT OF THE STATE OF
NEVADA, IN AND FOR THE COUNTY OF CLARK, AND
THE HONORABLE DOUGLAS HERNDON, DISTRICT
JUDGE, RESPONDENTS, AND DONALD L. BAILE, INDIVIDU-
ALLY AS SPOUSE AND HEIR, AND AS SPECIAL ADMINISTRATOR
FOR THE ESTATE OF BARBARA ANN BAILE, DECEASED;
AND DEBRA BAILE, INDIVIDUALLY AS DAUGHTER, REAL PAR-
TIES IN INTEREST.

No. 55133

June 24, 2010                                    234 P.3d 920

*John H. Cotton & Associates, Ltd.*, and *John H. Cotton* and
*Paul J. Hofmann*, Las Vegas, for Petitioners.

*White & Wetherall, LLP*, and *Peter C. Wetherall*, Las Vegas, for
Real Parties in Interest.

Before HARDESTY, DOUGLAS and PICKERING, JJ.

## OPINION

By the Court, PICKERING, J.:

This original writ proceeding asks us to decide whether a medical expert's declaration under penalty of perjury as provided in NRS 53.045 can satisfy the affidavit requirement stated in NRS 41A.071. We agree with the district court that it can and therefore deny writ relief.

### I.

This is a medical malpractice action. The plaintiffs supported their complaint with the expert proof NRS 41A.071 requires but did so by declaration rather than affidavit. The defendants moved to dismiss on the grounds that NRS 41A.071 requires an "affidavit" and says nothing about declarations. The plaintiffs countered that under NRS 53.045, a declaration can do anything an affidavit can so long as the declarant subscribes to the statement that, "I declare under penalty of perjury that the foregoing is true and correct," which theirs did.

The district court denied the motion to dismiss. This petition for a writ of prohibition or mandamus followed. Normally, this court will not entertain a writ petition challenging the denial of a motion to dismiss but we may do so where, as here, the issue is not fact-bound and involves an unsettled and potentially significant, recurring question of law. *Smith v. District Court*, 113 Nev. 1343, 1344-45, 950 P.2d 280, 281 (1997).

### II.

This proceeding requires us to interpret two statutes: NRS 41A.071 and NRS 53.045. The former requires dismissal of any medical malpractice action "filed without an affidavit, supporting the allegations contained in the action, submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged malpractice." NRS 41A.071. The latter provides that

> [a]ny matter whose existence or truth may be established by an affidavit . . . may be established with the same effect by

an unsworn declaration of its existence or truth signed by the declarant under penalty of perjury, and dated, in substantially the following form: . . . "I declare under penalty of perjury that the foregoing is true and correct."

NRS 53.045.

An affidavit is a written statement "sworn to by the declarant before an officer authorized to administer oaths." *Black's Law Dictionary* 66 (9th ed. 2009). A declaration under NRS 53.045 is not sworn, but instead is dated and signed under penalty of perjury. Petitioners contend that because NRS 41A.071 expressly requires an affidavit, the complaint must be dismissed. We disagree.

Statutes must be construed together so as to avoid rendering any portion of a statute immaterial or superfluous. *Albios v. Horizon Communities, Inc.*, 122 Nev. 409, 418, 132 P.3d 1022, 1028 (2006). NRS 41A.071 imposes an affidavit requirement, which NRS 53.045 permits a litigant to meet either by sworn affidavit or unsworn declaration made under penalty of perjury. *See State, Dep't Mtr. Veh. v. Bremer*, 113 Nev. 805, 813, 942 P.2d 145, 150 (1997) (concluding that a declaration under NRS 53.045 met the affidavit requirement of the breathalyzer statute, even though the statute's language required an affidavit). To hold otherwise would make NRS 53.045 meaningless because it would require every statute imposing an affidavit requirement to state when a declaration may be used instead of an affidavit. Interpreting the two statutes so as to give meaning to both, we conclude that a declaration that complies with NRS 53.045 can fulfill NRS 41A.071's affidavit requirement.

Because the district court properly refused dismissal, we deny the petition for extraordinary writ relief.

HARDESTY and DOUGLAS, JJ., concur.