273 P.3d 861 (2012)
MOUNTAINVIEW HOSPITAL, INC.; Jason E. Garber, M.D.; and Jason E. Garber, M.D., Ltd., Petitioners,
v.
The EIGHTH JUDICIAL DISTRICT COURT OF the STATE of Nevada, in and for the COUNTY OF CLARK; and the Honorable Stefany Miley, District Judge, Respondents, and
Laura Rehfeldt; and Edward Rehfeldt, Real Parties in Interest.
No. 57502.
Supreme Court of Nevada.
April 5, 2012.
*862 Hall Prangle & Schoonveld, LLC, and John F. Bemis, Kenneth M. Webster, and Michael T. Koptik, Las Vegas, for Petitioner Mountain View Hospital, Inc.
Lewis Brisbois Bisgaard & Smith, LLP, and Keith A. Weaver and Michael J. Shannon, Las Vegas, for Petitioners Jason E. Garber, M.D.; and Jason E. Garber, M.D., Ltd.
Roger P. Croteau & Associates, Ltd., and Roger P. Croteau and Timothy E. Rhoda, Las Vegas, for Real Parties in Interest.
BEFORE DOUGLAS, HARDESTY and PARRAGUIRRE, JJ.

*863 OPINION

By the Court, HARDESTY, J.:
In this petition for extraordinary writ relief, we are asked to consider whether a plaintiff has complied with the affidavit requirement in a medical malpractice action when a medical expert's opinion letter attached to the plaintiffs complaint does not include a jurat,[1] and there is no declaration from the medical expert in either the opinion letter or a notary acknowledgment declaring that the statements contained in the opinion letter are made under penalty of perjury.
We conclude that the absence of a properly executed jurat does not render a medical expert's written statement insufficient to meet the affidavit requirement of NRS 41A.071. Because a jurat is merely evidence that the medical expert swore under oath to the veracity of his or her statement before an officer authorized to administer oaths, it is clear that other evidence that the expert's written statement was made under oath can be offered to satisfy NRS 41A.071's affidavit requirement.

FACTS AND PROCEDURAL HISTORY
Real parties in interest Laura and Edward Rehfeldt filed a complaint for medical malpractice, among other claims, alleging that Laura contracted a Methicillin-resistant Staphylococcus aureus (MRSA) and went into septic shock after undergoing elective back surgery at MountainView Hospital. Because Laura tested negative for being colonized with or a carrier for MRSA prior to the surgery, the Rehfeldts asserted that petitioners MountainView Hospital, Jason E. Garber, M.D., and Jason E. Garber, M.D., Ltd. (collectively, MountainView)[2] committed medical malpractice by failing to provide a clean and sterile hospital environment and failing to properly care for Laura.
Accompanying their complaint for medical malpractice, and at issue in this case, was an opinion letter from Dr. Bernard T. McNamara supporting the Rehfeldts' claim, with a "California All-Purpose Acknowledgment" form attached to the letter. Neither the opinion letter nor the acknowledgment contained any statement that Dr. McNamara swore under oath that the statements contained in his letter were true and correct, and neither the opinion letter nor the acknowledgment contained a declaration from Dr. McNamara declaring that his statements were made under penalty of perjury. The acknowledgment was prepared by a California notary public and stated as follows:
On 12/15/08 before me, Sandra Ferrer Notary Public, personally appeared Bernard T. McNamara, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
The notary public signed the acknowledgment and affixed her notary stamp; however, Dr. McNamara signed only his letter. The Rehfeldts filed an amended complaint attaching the same opinion letter from Dr. McNamara and notary acknowledgment, and included a similar letter from a nurse, Mary Wyckoff.[3]
Dr. Garber responded to the Rehfeldts' amended complaint by filing a motion to dismiss, which MountainView Hospital joined. Dr. Garber argued that NRS 41A.071 requires a supporting medical expert *864 affidavit to be attached to a medical malpractice complaint, and that Dr. McNamara's opinion letter and the notary acknowledgment failed to satisfy that requirement. Without specifically discussing the statute's affidavit requirement, the district court entered a written order summarily denying Dr. Garber's motion to dismiss.
The case was subsequently reassigned to a different department in the district court, and MountainView Hospital filed a second motion to dismiss, reasserting Dr. Garber's argument that the Rehfeldts failed to comply with the affidavit requirement of NRS 41A.071. Dr. Garber joined in the motion. According to MountainView Hospital, the district court verbally denied its second motion at a hearing, "alleging that [the previous judge] had already ruled that [the Rehfeldts'] letter from Dr. McNamara was the equivalent of an affidavit." However, a written order denying MountainView Hospital's second motion to dismiss was never filed in the district court.[4] MountainView Hospital and Dr. Garber then filed the instant petition for a writ of mandamus or prohibition.[5]

DISCUSSION
This court has original jurisdiction to issue writs of mandamus and prohibition. Nev. Const. art. 6, § 4. Whether extraordinary writ relief will issue is solely within this court's discretion. Walters v. Dist. Ct., 127 Nev. ___, ___, 263 P.3d 231, 233 (2011). "A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control a manifest abuse of discretion." We the People Nevada v. Secretary of State, 124 Nev. 874, 879, 192 P.3d 1166, 1170 (2008); NRS 34.160. "A writ of prohibition ... is available when a district court acts without or in excess of its jurisdiction." International Game Tech. v. Dist. Ct., 122 Nev. 132, 142, 127 P.3d 1088, 1096 (2006); NRS 34.320. Generally, an extraordinary writ may only be issued in cases "where there is not a plain, speedy and adequate remedy" at law. NRS 34.170; NRS 34.330. In addition, consideration of extraordinary writ relief is often justified "`where an important issue of law needs clarification and public policy is served by this court's invocation of its original jurisdiction.'" Mineral County v. State, Dep't of Conserv., 117 Nev. 235, 243, 20 P.3d 800, 805 (2001) (quoting Business Computer Rentals v. State Treas., 114 Nev. 63, 67, 953 P.2d 13, 15 (1998)); see also International Game Tech., 122 Nev. at 142-43, 127 P.3d at 1096 (consideration of writ relief is appropriate where "petitions raise important issues of law in need of clarification, involving significant public policy concerns, of which this court's review would promote sound judicial economy"). However, "[n]ormally, this court will not entertain a writ petition challenging the denial of a motion *865 to dismiss but ... may do so where ... the issue is not fact-bound and involves an unsettled and potentially significant, recurring question of law." Buckwalter v. Dist. Ct., 126 Nev. ___, ___, 234 P.3d 920, 921 (2010).
In this case, Mountain View argues that the district court erred in denying the motion to dismiss after ruling that Dr. McNamara's opinion letter and the attached acknowledgment met NRS 41A.071's affidavit requirement. Because this petition for extraordinary writ relief presents an issue of first impression in Nevada and involves an unsettled and potentially significant, recurring question of law concerning the satisfaction of NRS 41A.071's affidavit requirement for a medical malpractice cause of action, we exercise our discretion to consider MountainView's petition for writ of mandamus.

NRS 41A.071's affidavit requirement
NRS 41A.071 states that medical malpractice actions filed without an accompanying affidavit supporting the allegations must be dismissed:
[i]f an action for medical malpractice ... is filed in the district court, the district court shall dismiss the action, without prejudice, if the action is filed without an affidavit, supporting the allegations contained in the action, submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged malpractice.
(Emphases added.) "NRS 41A.071 imposes an affidavit requirement, which NRS 53.045 permits a litigant to meet either by sworn affidavit or unsworn declaration made under penalty of perjury." Buckwalter, 126 Nev. at ___, 234 P.3d at 922.
"An affidavit is a written statement `sworn to by the declarant before an officer authorized to administer oaths.'" Id. at ___, 234 P.3d at 921 (quoting Black's Law Dictionary 66 (9th ed.2009)). To prove that an affidavit was made under oath, it typically includes a jurat. See Lutz v. Kinney, 23 Nev. 279, 282, 46 P. 257, 258 (1896) ("[T]he `jurat[ ]' is essential, not as a part of the affidavit, but as official evidence that the oath was taken before the proper officer."). Alternatively, an unsworn declaration made under penalty of perjury is a written statement included in a document declaring the existence or truth of a matter, which is "signed by the declarant under penalty of perjury, and dated, in substantially the following form: ... `I declare under penalty of perjury that the foregoing is true and correct.'" NRS 53.045(1).
Here, Dr. McNamara's opinion letter and accompanying notary acknowledgment lack the traditional jurat. Whether an expert's written statements satisfy NRS 41A.071's affidavit requirement in the absence of a properly executed jurat is a matter of first impression in Nevada. Other jurisdictions have concluded that the problems raised by an absent or defective jurat can be overcome by other evidence. In American Home Life Insurance Company v. Heide, the Supreme Court of Kansas held that "`[t]he jurat is merely evidence that an oath was duly administered, and in the absence of a jurat the fact may be proved by evidence aliunde'"[6] and "[t]he absence of a jurat on the affidavit did not invalidate the service on appellant." 199 Kan. 652, 433 P.2d 454, 458 (1967) (quoting James v. Logan, 82 Kan. 285, 108 P. 81, 81 (1910)). Similarly, in King v. State, the Court of Criminal Appeals of Texas held that "[t]he jurat is not part of the affidavit.... When the jurat on its face is defective, the fact that it was properly sworn to may be shown by other evidence." 167 Tex.Crim. 440, 320 S.W.2d 677, 678 (App.1959) (internal citation omitted). We likewise conclude that if a litigant contests a medical expert's written statements accompanying a medical malpractice complaint based on the validity or lack of a jurat, the plaintiff may show by other evidence that the expert's statements were made under oath or constitute an unsworn declaration made under penalty of perjury.

*866 The Rehfeldts' compliance with NRS 41A.071

MountainView argues that the district court erred by denying Dr. Garber's motion to dismiss because, without a sworn affidavit or an unsworn declaration, there is no evidence that Dr. McNamara took an oath and swore to the truthfulness of his statements under penalty of perjury. In response, the Rehfeldts contend that Dr. McNamara's letter and accompanying acknowledgment constitute a sworn affidavit because "(a) it is a written declaration made voluntarily; (b) it was confirmed by oath; and (c) it was made before a person having authority to administer such an oath."
NRS 240.002 defines "[a]cknowledgment" in part as "a declaration by a person that he or she has executed an instrument for the purposes stated therein." By its definition, an acknowledgment does not validate that the person executing the instrument swears or affirms that the statements in the instrument are true and correct or that the statements were made under penalty of perjury.
Only the notary public signed the acknowledgment, and she simply acknowledged that Dr. McNamara was the person who signed the letter. The acknowledgment does not contain any statement that Dr. McNamara "swore to or affirmed that the statements in the document are true," NRS 240.0035; Buckwalter, 126 Nev. at ___, 234 P.3d at 921. Thus, based upon the record, we cannot conclude that Dr. McNamara's opinion letter constitutes an affidavit.[7] In addition, the notary acknowledgment in this case does not satisfy NRS 41A.071.
Notwithstanding the omission of a jurat, however, the Rehfeldts may be able to demonstrate compliance with NRS 41A.071's affidavit requirement through other evidence. Under our holding today, the Rehfeldts should be permitted to show that Dr. McNamara appeared before the notary public and swore under oath that the statements contained in the letter were true and correct. The Rehfeldts did submit a declaration to this court signed by Dr. McNamara in which he states that he appeared before the notary public and swore under oath that the opinions in his letter were true and correct and that he signed his letter "under oath and under penalty of perjury." But this declaration was never presented to the district court for its consideration, and neither MountainView Hospital nor Dr. Garber were provided an opportunity to contest the declaration.[8]
Accordingly, we grant MountainView's petition for extraordinary relief in part and direct the clerk of this court to issue a writ of mandamus instructing the district court to conduct an evidentiary hearing for the limited purpose of determining whether the Rehfeldts can sufficiently prove that Dr. McNamara appeared before the notary public and swore under oath that the statements contained in his opinion letter were true and correct.[9] If, after conducting the evidentiary hearing, the district court concludes that the Rehfeldts failed to comply with NRS 41A.071's affidavit requirement, the Rehfeldts' claim for medical malpractice must be dismissed as void ab initio. See Washoe Medical Center, 122 Nev. at 1300, 148 P.3d at 792.
We concur: DOUGLAS and PARRAGUIRRE, JJ.
NOTES
[1] A jurat is defined as "a declaration by a notarial officer that the signer of a document signed the document in the presence of the notarial officer and swore to or affirmed that the statements in the document are true." NRS 240.0035.
[2] When necessary, we will separately refer to the hospital as MountainView Hospital and to Jason E. Garber, M.D., and Jason E. Garber, M.D., Ltd., collectively as Dr. Garber.
[3] As neither MountainView nor the Rehfeldts have made any arguments with regard to whether Wyckoff's letter satisfied the affidavit requirement, we refrain from addressing Wyckoff's letter any further in this opinion.
[4] Because the district court's oral order denying MountainView Hospital's motion to dismiss on the basis of NRS 41A.071's affidavit requirement deals with the procedural posture of the Rehfeldts' case, we conclude that it is ineffective and thus not subject to review by this court. "[D]ispositional court orders that are not administrative in nature, but deal with the procedural posture or merits of the underlying controversy, must be written, signed, and filed before they become effective." State, Div. Child & Fam. Servs. v. Dist. Ct., 120 Nev. 445, 454, 92 P.3d 1239, 1245 (2004). Notwithstanding the district court's ineffective oral order on MountainView's second motion to dismiss, we hold that the issues raised in MountainView's writ petition are subject to review by this court, as the district court did enter a written order denying Dr. Garber's motion to dismiss, which MountainView Hospital joined, based on his contention that the Rehfeldts failed to comply with NRS 41A.071.
[5] MountainView also argues that the Rehfeldts' failure to timely file their answer to the petition for writ relief should be considered a confession of error. We decline to do so. This court directed the Rehfeldts to file an answer to the petition, and, pursuant to a stipulation between the parties to extend the filing deadline, this court ordered the answer filed on March 11, 2011, only 3 days after the extended filing deadline. Furthermore, MountainView fails to allege or demonstrate any prejudice resulting from the delay. See Carson City v. Price, 113 Nev. 409, 411 n. 1, 934 P.2d 1042, 1043 n. 1 (1997) (denying respondents' motion to dismiss based on appellants' one-day tardiness in filing their opening brief because "respondents have not alleged or shown that they suffered any prejudice as a result of this delay"). Finally, MountainView's request to strike the Rehfeldts' answer does not warrant consideration as MountainView failed to file the appropriate motion before this court and provide the Rehfeldts with an opportunity to respond. See NRAP 27.
[6] Evidence aliunde is defined as "[e]vidence from outside, from another source." Black's Law Dictionary 73 (6th ed.1990).
[7] Upon review of the record, we also conclude that the Rehfeldts cannot satisfy NRS 41A.071 by unsworn declaration because neither the opinion letter nor the acknowledgment included such a declaration. See Washoe Medical Center v. District Court, 122 Nev. 1298, 1300, 148 P.3d 790, 792 (2006) (concluding that failure to satisfy the affidavit requirement of NRS 41A.071 results in the complaint becoming void ab initio and explaining that a void complaint cannot be amended).
[8] There is no indication in the record before us that Dr. McNamara's declaration was ever presented to the district court. See In re AMERCO Derivative Litigation, 127 Nev. ___, ___ n. 6, 252 P.3d 681, 697 n. 6 (2011) ("[W]e decline to address an issue raised for the first time on appeal.").
[9] Based on our holding today, we deny MountainView's alternative request for a writ of prohibition.