An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ZACHARY COUGHLIN,
Appellant,

vs.

WASHOE LEGAL SERVICES, A
NEVADA CORPORATION; KATHY
BRECKENRIDGE, INDIVIDUALLY
AND IN HER CAPACITY AS BOARD
PRESIDENT OF WLS; TODD
TORVINEN, INDIVIDUALLY AND IN
HIS CAPACITY AS WLS, BOARD
MEMBER; PAUL ELCANO,
INDIVIDUALLY AND IN HIS
CAPACITY AS EXECUTIVE DIRECTOR
OF WLS; CARYN R. STERNLICHT,
INDIVIDUALLY AND IN HER
CAPACITY AS WLS ATTORNEY; JON
L. SASSER, INDIVIDUALLY AND IN
HIS CAPACITY AS WLS AGENT;
KAREN L. SABO, INDIVIDUALLY AND
IN HER CAPACITY AS WLS
ATTORNEY; MARC ASHLEY,
INDIVIDUALLY AND IN HIS
CAPACITY AS WLS ATTORNEY; AND
ZANDRA LOPEZ, INDIVIDUALLY AND
IN HER CAPACITY AS WLS
EMPLOYEE,
Respondents.

No. 60302

FILED

MAY 2 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



## *ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING*

This is a pro se appeal from a district court dismissal order in a wrongful termination action. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Appellant commenced the underlying action against respondents on June 27, 2011, but due to his pending motion to proceed *in forma pauperis*, his complaint was not formally filed until August 11,

2011. In January 2012, the district court entered an order dismissing the complaint as to all respondents on the ground that appellant had not effected service of process on any of the respondents within 120 days of June 27, 2011. *See* NRCP 4(i) (requiring generally the dismissal of a complaint with respect to any defendant who is not served with the summons and complaint within 120 days after the complaint is filed).

Appellant then timely filed an NRCP 59(e) motion in which he sought to set aside the dismissal order. *Cf. AA Primo Builders, LLC v. Washington*, 126 Nev. ___, ___, 245 P.3d 1190, 1193 (2010) (recognizing that any motion seeking to substantively alter a judgment is afforded NRCP 59(e) status). In it, appellant contended that the district court improperly used June 27, 2011, as the triggering date for NRCP 4(i)'s 120-day window because his complaint was not formally filed until August 11, 2011. Using August 11 as the appropriate date, appellant contended that dismissal was improper with respect to respondents Washoe Legal Services (WLS) and Paul Elcano because Elcano, who is WLS's registered agent, was served with a summons and complaint exactly 120 days from August 11.

The district court acknowledged that appellant had timely effected service on these respondents. Nonetheless, the district court denied appellant's NRCP 59(e) motion, reasoning that service of process was still improper because appellant had filed a "declaration," rather than an "affidavit," with the district court as proof that these respondents had been served. *See* NRCP 4(g)(2) (requiring a person who serves process and who is not a sheriff or deputy to provide proof of service by means of an "affidavit").

On appeal, appellant contends that the district court abused its discretion in denying his NRCP 59(e) motion with respect to these two

respondents.[1]  *See AA Primo Builders*, 126 Nev. at ___, 245 P.3d at 1197 ("[A]n order denying an NRCP 59(e) motion is reviewable for abuse of discretion on appeal from the underlying judgment."). Specifically, appellant contends that the district court improperly relied upon NRCP 4(g) because that rule expressly clarifies that "[f]ailure to make proof of service shall not affect the validity of the service." We agree.[2] Accordingly, the district court abused its discretion in denying appellant's NRCP 59(e) motion insofar as the motion sought to reverse the dismissal of appellant's complaint as to WLS and Elcano. *See BMW v. Roth*, 127 Nev. ___, ___, 252 P.3d 649, 657 (2011) ("A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law . . . ." (quotation omitted)).

WLS and Elcano ask us to nevertheless affirm the district court's dismissal as to them because appellant failed to meaningfully oppose their motions to dismiss. *Cf. Foster v. Dingwall*, 126 Nev. ___, ___, 227 P.3d 1042, 1049 (2010) (treating the failure to respond to a motion as an admission that the motion is meritorious). We decline to affirm based on appellant's shortcomings in opposing the motions to dismiss, as doing

---

[1]Appellant has not cogently argued that dismissal was improper with respect to any of the other respondents, and we therefore do not consider any challenge to the dismissal of appellant's complaint as to the other respondents. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that it is a party's "responsibility to cogently argue, and present relevant authority, in support of his appellate concerns").

[2]We also question whether appellant's proof of service was actually deficient. *See Buckwalter v. Eighth Judicial Dist. Court*, 126 Nev. ___, ___, 234 P.3d 920, 921-22 (2010) (indicating that NRS 53.045 gives a declaration signed under penalty of perjury the same legal effect as an affidavit).

so under these circumstances would all but eliminate NRCP 59(e)'s utility. Among other things, NRCP 59(e) is available to "correct[ ] manifest errors of law or fact." *AA Primo Builders*, 126 Nev. at ___, 245 P.3d at 1193 (quotation omitted). This standard was satisfied here because appellant's proof of service was part of the district court record at the time it granted respondents' motions to dismiss and because respondents subsequently conceded that August 11, 2011, was the proper date from which to calculate NRCP 4(i)'s 120-day window. *Cf. Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) (tolling the 120-day service period while the plaintiff's motion to proceed *in forma pauperis* was pending); *Robinson v. America's Best Contacts & Eyeglasses*, 876 F.2d 596, 598 (7th Cir. 1989) (same).

Accordingly, we affirm the judgment of the district court with respect to all respondents except WLS and Paul Elcano. As for these two respondents, we reverse the judgment of the district court and remand this matter to the district court for proceedings consistent with this order.[3]

It is so ORDERED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Saitta

---

[3]In light of our disposition, we reverse the district court's award of attorney fees. This should not be construed as precluding the district court from awarding attorney fees on remand under appropriate circumstances.

cc:  Hon. Brent T. Adams, District Judge
     Zachary B. Coughlin
     Lipson Neilson Cole Seltzer & Garin, P.C.
     Washoe District Court Clerk