**132 Nev., Advance Opinion 6**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CORPORATION OF THE PRESIDING
BISHOP OF THE CHURCH OF JESUS
CHRIST OF LATTER-DAY SAINTS ON
BEHALF OF CLEVELAND RANCH,
Petitioner,
vs.
THE SEVENTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF WHITE
PINE; AND THE HONORABLE
ROBERT E. ESTES, SENIOR JUDGE,
Respondents,
and
JASON KING, P.E., IN HIS OFFICIAL
CAPACITY AS THE NEVADA STATE
ENGINEER, THE NEVADA
DEPARTMENT OF CONSERVATION
AND NATURAL RESOURCES,
DIVISION OF WATER RESOURCES;
AND SOUTHERN NEVADA WATER
AUTHORITY,
Real Parties in Interest.

No. 65424

FILED

JAN 28 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Original petition for an extraordinary writ challenging a district court order on judicial review determining that the State Engineer properly applied a water law statute to certain applications to appropriate water.

*Petition denied.*

Hejmanowski & McCrea LLC and Paul R. Hejmanowski, Las Vegas; Kaempfer Crowell and Severin A. Carlson, Reno; Lionel Sawyer & Collins and David N. Frederick and Lynda Sue Mabry, Las Vegas, for Petitioner.

SUPREME COURT
OF
NEVADA

(O) 1947A

5/3/16: Corrected per letter to publishers. CT

16-02948

Adam Paul Laxalt, Attorney General, and Micheline N. Fairbank, Senior Deputy Attorney General, Carson City,
for Real Party in Interest Jason King, P.E., in His Official Capacity as the Nevada State Engineer, Nevada Department of Conservation and Natural Resources, Division of Water Resources.

Lewis Roca Rothgerber, LLP, and Daniel F. Polsenberg and Joel D. Henriod, Las Vegas; Taggart & Taggart, Ltd., and Paul G. Taggart and Gregory H. Morrison, Carson City; Southern Nevada Water Authority and Gregory J. Walch and Dana R. Walsh, Las Vegas,
for Real Party in Interest Southern Nevada Water Authority.

---

BEFORE THE COURT EN BANC.

## OPINION

By the Court, PARRAGUIRRE, C.J.:

NRS 533.3705(1), enacted in 2007, allows the State Engineer to subject newly approved water applications to an incremental use process. In material part, NRS 533.3705(1) provides that "[u]pon approval of an application to appropriate water, the State Engineer may limit the initial use of water to a quantity that is less than the total amount approved for the application" and then authorize additional amounts for use at a later date, up to the total amount approved for the application. Here, we are asked to determine whether the State Engineer improperly applied NRS 533.3705(1) retroactively by ordering incremental pumping, and thus limiting the initial water use, for certain applications that were filed in 1989 and approved in 2012. We conclude the State Engineer did not give NRS 533.3705(1) an improper retroactive application because the statute unambiguously applies to only approved applications, and the present applications were approved almost five years after NRS

533.3705(1) took effect. Accordingly, we deny petitioner's request for an extraordinary writ barring the State Engineer from applying NRS 533.3705(1) to the disputed water permit applications.

## FACTS

In 1989, real party in interest Southern Nevada Water Authority (SNWA) filed various water permit applications[1] with the State Engineer. Those applications sought to appropriate water from the Spring Valley Hydrographic Basin for municipal and domestic purposes in southern Nevada. In 2007, the State Engineer ruled on SNWA's applications, rejecting some and approving the rest subject to incremental development in the form of staged pumping and other restrictions on use, as well as a plan for continued monitoring. Parties opposing SNWA's applications sought judicial review of the State Engineer's ruling, but the district court found no material error. The opponents then sought review from this court, which reversed and remanded, requiring the State Engineer to republish SNWA's applications. *Great Basin Water Network v. Taylor*, 126 Nev. 187, 190, 234 P.3d 912, 914 (2010).

After republishing, many entities, including petitioner Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints (CPB) opposed SNWA's applications. This dispute culminated in "a record long six weeks of administrative hearing" in late 2011. Ultimately, the State Engineer issued Ruling 6164 in March 2012 denying some of SNWA's applications and granting others. Invoking NRS 533.3705(1), the State Engineer subjected SNWA's approved applications

---

[1]The Las Vegas Valley Water Authority filed the applications, but SNWA later acquired the rights to those applications.

to three stages of incremental development and monitoring. That approval allowed a maximum potential water appropriation of 61,127 acre-feet-annually (afa), assuming no material problems arose during the course of the incremental development.

CPB, among others, petitioned the district court for review. The district court rejected CPB's argument that the State Engineer gave NRS 533.3705(1) an improper retroactive effect, concluding the statute applies only to approved applications, and SNWA's applications were not approved until 2012, nearly five years after NRS 533.3705(1) took effect. Nevertheless, the district court reversed and remanded the State Engineer's ruling on other grounds. CPB now petitions this court for an extraordinary writ barring the State Engineer from applying NRS 533.3705(1) to SNWA's applications.

## DISCUSSION

CPB has the burden of demonstrating that this court's extraordinary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). "Whether extraordinary writ relief will issue is solely within this court's discretion." *MountainView Hosp., Inc. v. Eighth Judicial Dist. Court*, 128 Nev., Adv. Op. 17, 273 P.3d 861, 864 (2012). This court may address writ petitions when they "raise important issues of law in need of clarification, involving significant public policy concerns, of which this court's review would promote sound judicial economy." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 122 Nev. 132, 142-43, 127 P.3d 1088, 1096 (2006).

We will address CPB's petition because it presents a narrow legal issue concerning a matter of significant public policy, and its resolution will promote judicial economy. *See id.* First, whether the State Engineer improperly applied NRS 533.3705(1) retroactively is a clear

question of law. *See Sandpointe Apartments, LLC v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 87, 313 P.3d 849, 853 (2013). Second, hundreds of parties contested SNWA's applications, which are intended to help secure adequate water for this state's most populous region; therefore, this is a matter of great public importance. Finally, our intervention will promote judicial economy by determining the proper application of a statute that plays an important role in a matter that has spanned 25 years and multiple adjudications. Consequently, our discretionary intervention is warranted, and we must now determine whether the State Engineer properly applied NRS 533.3705(1) to SNWA's applications.

*The State Engineer did not apply NRS 533.3705(1) retroactively*

This court reviews questions of statutory interpretation and retroactivity de novo. *Sandpointe Apartments*, 129 Nev., Adv. Op. 87, 313 P.3d at 853. Statutory language must be given its plain meaning if it is clear and unambiguous. *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 476, 168 P.3d 731, 737 (2007). "A statute is ambiguous if it is capable of being understood in two or more senses by reasonably well-informed persons." *Id.*

NRS 533.3705(1) was enacted in 2007, and it provides:

> Upon approval of an application to appropriate water, the State Engineer may limit the initial use of water to a quantity that is less than the total amount approved for the application. The use of an additional amount of water that is not more than the total amount approved for the application may be authorized by the State Engineer at a later date if additional evidence demonstrates to the satisfaction of the State Engineer that the additional amount of water is available and may be appropriated in accordance with this chapter and chapter 534 of NRS. In making that determination, the State Engineer may establish a

> period during which additional studies may be conducted or additional evidence provided to support the application.

2007 Nev. Stat., ch. 429, § 3.5(1), at 2015 (codified at NRS 533.3705(1)).

We conclude the State Engineer did not apply NRS 533.3705(1) retroactively because (1) the statute unambiguously applies to only approved applications, and (2) SNWA's applications were approved almost five years after NRS 533.3705(1) took effect.

*NRS 533.3705(1) only applies to approved applications*

CPB argues NRS 533.3705(1) impermissibly allows the State Engineer to use incremental development to draw out the permit-approval process over many years, in contravention of *Great Basin Water Network v. Taylor*, 126 Nev. 187, 234 P.3d 912 (2010), and the 1989 version of NRS 533.370, which required the State Engineer to accept or reject water appropriation applications within one year. We reject this argument because NRS 533.3705(1) plainly requires the State Engineer to approve a total appropriation before he can require incremental development of that appropriation.[2]

---

[2]We decline to address CPB's additional argument that the State Engineer actually used NRS 533.3705(1) to draw out the approval process here beyond one year. The State Engineer approved the material applications here within the time frame set forth in *Great Basin Water Network*. Moreover, he expressly found sufficient evidence to allow SNWA to appropriate 61,127 afa before ordering incremental development starting at 38,000 afa. Whether the State Engineer actually had sufficient evidence that 61,127 afa was available for appropriation is a factual inquiry this court declines to undertake in the present context. *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 604, 637 P.2d 534, 536 (1981) (noting that this court generally will not address factual issues when evaluating writ petitions).

 

By its own terms, NRS 533.3705(1) only allows incremental development of a water project "[u]pon approval of an application." "Upon approval of an application" unambiguously means "concurrent with" approval of an application or "immediately after" the approval of an application. *See Upon, Webster's Third New International Dictionary* (2002) (defining "upon" as "immediately following on," "very soon after," "on the occasion of," or "at the time of"). NRS 533.3705(1) plainly makes application approval and the State Engineer's decision to limit the initial use of water separate events such that application approval triggers the possibility for incremental development. Therefore, we conclude that NRS 533.3705(1) unambiguously applies to only approved applications because reasonably well-informed people cannot reach a different conclusion after reading NRS 533.3705(1)'s plain language. *See D.R. Horton, Inc.*, 123 Nev. at 476, 168 P.3d at 737.

*Applying NRS 533.3705(1) here does not constitute a retroactive application*

"[A] statute has retroactive effect when it takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past." *Pub. Emps.' Benefits Program v. Las Vegas Metro. Police Dep't*, 124 Nev. 138, 155, 179 P.3d 542, 553-54 (2008) (internal quotation marks omitted). However, "a statute does not operate retrospectively merely because it draws upon past facts or upsets expectations based in prior law." *Sandpointe Apartments*, 129 Nev., Adv. Op. 87, 313 P.3d at 854 (internal quotations marks and citations omitted).

Here, the State Engineer applied NRS 533.3705(1) prospectively to applications approved in 2012. NRS 533.3705(1), which

was enacted in 2007, unambiguously applies only "[u]pon approval of an application." 2007 Nev. Stat., ch. 429, § 3.5(1), at 2015. The material date here is the date of an application's approval, not filing, and these applications were approved five years after the statute took effect. As such, the State Engineer did not apply NRS 533.3705(1) retroactively here.

Accordingly, CPB is not entitled to the relief it seeks, and we deny its petition.

_____, C.J.
Parraguirre

We concur:

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A