# IN THE SUPREME COURT OF THE STATE OF NEVADA

VISTANA CONDOMINIUM OWNERS
ASSOCIATION, INC.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
NANCY L. ALLF, DISTRICT JUDGE,
Respondents,
and
MONTESA, LLC; HODAKA, LLC; PARK
VILLAGE HOMEOWNERS
ASSOCIATION; PEAKS
HOMEOWNERS ASSOCIATION;
SAHARA MOUNTAIN VISTA
HOMEOWNERS ASSOCIATION;
SEASONS AT ALIANTE COMMUNITY
ASSOCIATION; SEVEN HILLS
MASTER ASSOCIATION; SILVERADO
RANCH LANDSCAPE MAINTENANCE
CORPORATION; SILVERLYN
HEIGHTS COMMUNITY
ASSOCIATION; SOUTHPARK
CONDOMINIUM ASSOCIATION;
SOUTHWEST RANCH HOMEOWNERS
ASSOCIATION; SPRING MOUNTAIN
RANCH MASTER ASSOCIATION;
SQUIRE VILLAGE AT SILVER
SPRINGS COMMUNITY
ASSOCIATION; SUMMERFIELD
VILLAGE HOMEOWNERS
ASSOCIATION, INC.; SUN CITY
SUMMERLIN COMMUNITY
ASSOCIATION, INC.; SUNRISE RIDGE

No. 68595

FILED

APR 1 5 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

SUPREME COURT
OF
NEVADA

(O) 1947A

16-11929

HOMEOWNERS ASSOCIATION, INC.;
TALASERA AND VICANTO
HOMEOWNERS' ASSOCIATION;
TIERRA LAS PALMAS OWNERS
ASSOCIATION; TERRA LINDA
TOWNHOUSE HOMEOWNERS
ASSOCIATION; TRIPOLY AT WARM
SPRINGS SOUTH HOMEOWNERS
ASSOCIATION; VICTORY OVATION
HOMEOWNERS ASSOCIATION; AND
VILLAGE AT CRAIG RANCH
HOMEOWNER'S ASSOCIATION,
Real Parties in Interest.

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This is an original petition for a writ of mandamus challenging a district court order denying a motion to dismiss for failure to pursue alternative dispute resolution before bringing suit against a Nevada homeowner association (HOA).

In May 2011, real party in interest Montesa challenged the superpriority liens petitioner Vistana and other HOAs recorded against properties Montesa acquired at first deed of trust foreclosure sales. NRS 38.310 requires that disputes involving the "interpretation, application or enforcement" of covenants, conditions and restrictions (CC&Rs) be submitted to mediation and, if the parties agree, arbitrated before suit is brought. Accordingly, Montesa pursued Nevada Real Estate Division (NRED) arbitration against Vistana and the other named defendants before commencing this action. Montesa was asked during NRED discovery to identify the properties involved in its claims, which it did. Thereafter, Montesa purchased Vistana condominium #207, which it did not include on its NRED discovery response list. In an attachment to its second amended complaint, Montesa nonetheless identified Vistana

SUPREME COURT
OF
NEVADA

(O) 1947A

condominium #207 as one of the many properties whose HOA liens are at issue in this lawsuit.

Vistana joined its co-defendants' partial motion to dismiss for lack of subject matter jurisdiction, claiming the district court lacked jurisdiction to entertain the dispute over the HOA lien calculations as to certain properties, including Vistana condominium #207, because those properties had not been included on Montesa's NRED discovery response list. The district court denied the motion to dismiss on September 18, 2014. Vistana did nothing further on the issue until March 27, 2015, when it filed its motion for reconsideration. After the district court denied Vistana's motion for reconsideration on May 4, 2015, Vistana waited until August 11, 2015, to file its petition for a writ of mandamus.

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Mandamus is reserved for matters "where there is not a plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170. The decision to entertain an extraordinary writ petition, such as mandamus, lies within this court's discretion. *Libby v. Eighth Judicial Dist. Court*, 130 Nev., Adv. Op. 39, 325 P.3d 1276, 1278 (2014). Review on eventual direct appeal normally affords an adequate remedy, sufficient to defeat mandamus relief. *Williams v. Eighth Judicial Dist. Court*, 127 Nev. 518, 524, 262 P.3d 360, 364 (2011) ("[T]he opportunity to appeal a final judgment typically provides an adequate legal remedy.").

Here, if Vistana is correct about condominium #207 being included in error in the suit because arbitration was required but not

pursued as to its HOA lien on that unit, the issue is one this court can review on appeal from the eventual final judgment. There appear to be a number of different properties involved, and a mix of statutory and CC&R-based claims, with exhaustion of NRED alternative dispute resolution an issue for very few of them. While it is true that the law remains unsettled respecting NRS 38.310's arbitration requirements, allowing this case to proceed to judgment in the district court will present a better record for resolving the legal issues involved, as the factual and legal posture will be more fully developed. *Cf. Buckwalter v. Eighth Judicial Dist. Court*, 126 Nev. 200, 201, 234 P.3d 920, 921 (2010) ("Normally, this court will not entertain a writ petition challenging the denial of a motion to dismiss but we may do so where, as here, the issue is not fact-bound and involves an unsettled and potentially significant, recurring question of law."). Also, Vistana's nearly year-long delay in seeking mandamus militates against extraordinary writ relief. *See State v. Eighth Judicial Dist. Court*, 116 Nev. 127, 134-35, 994 P.2d 692, 697 (2000) (applying the doctrine of laches to a petition for a writ of mandamus after an 11 month delay in the filing of the petition).

Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc: Hon. Nancy L. Allf, District Judge
Pengilly Law Firm
Alverson Taylor Mortensen & Sanders
Law Office of Andrew H. Pastwick, LLC
Boyack Orme & Taylor
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP/Las Vegas
Adams Law Group
Lipson Neilson Cole Seltzer & Garin, P.C.
Puoy K. Premsrirut, Inc.
Leach Johnson Song & Gruchow
Messner Reeves LLP
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A