IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID PAUL KLINGENSMITH, D.O.,
INDIVIDUALLY; AND US
ANESTHESIA PARTNERS OF NEVADA
[ERRONEOUSLY NAMED AS US
ANESTHESIA PARTNERS OF
NEVADA, INC.],
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DAVID M. JONES, DISTRICT JUDGE,
Respondents,
and
JUSTINE TARZIAN, INDIVIDUALLY;
AND SUNRISE FLAMINGO SURGERY
CENTER, LIMITED PARTNERSHIP,
Real Parties in Interest.

No. 82403

**FILED**

SEP 17 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER GRANTING PETITION FOR WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus challenging a district court order denying a motion to dismiss in a medical malpractice action. Real party in interest Justine Tarzian filed a medical malpractice action against David Paul Klingensmith, D.O., and US Anesthesia Partners of Nevada, Inc. (collectively, Klingensmith). To comply with NRS 41A.071's requirement that a medical malpractice complaint be accompanied by an affidavit of merit, Tarzian attached an "Expert Report" that was not in the form of an affidavit or an unsworn declaration made under penalty of perjury. Klingensmith moved to dismiss based on the omission and Tarzian then filed an errata to her complaint with a "cured" report, made under penalty of perjury and dated after the complaint was filed. The district court denied the motion to dismiss, finding that, pursuant to *Baxter v. Dignity Health*, 131 Nev. 759, 357 P.3d 927 (2015), Tarzian's report

21-26935

substantially complied with NRS 41A.071 because it was signed, prepared before the complaint was filed, made with a reasonable degree of medical probability, and the errata's opinions were identical to those originally filed with the complaint. Klingensmith now seeks a writ of mandamus directing the district court to dismiss the complaint.

*Whether this court should entertain the writ petition*

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (addressing a denial of a motion to dismiss). While we generally decline to consider writ petitions challenging denials of motions to dismiss, we will consider such petitions when "no factual dispute exists and the district court is obligated to dismiss an action pursuant to clear authority under a statute or rule." *Id.* at 197-98, 179 P.3d at 558-59. We agree to entertain the writ petition because, as explained further below, there are no factual disputes; the legal issue is dispositive; and the district court was obligated to dismiss the complaint pursuant to both NRS 41A.071 and our caselaw interpreting this statute.

*Whether the district court erred by denying the motion to dismiss*

Klingensmith argues that the district court erroneously applied *Baxter*, in finding that Tarzian's substantial compliance with NRS 41A.071's affidavit requirement precluded dismissal. We review de novo, *see Int'l Game Tech., Inc.*, 124 Nev. at 198, 179 P.3d at 559 (addressing the denial of a motion to dismiss and holding that "[s]tatutory interpretation is a question of law that we review de novo, even in the context of a writ petition"), and agree.

NRS 41A.071 provides that if a medical malpractice action is filed without an affidavit of merit, the district court shall dismiss the action. Additionally, a complaint that does not comply with NRS 41.071's affidavit requirement is void ab initio and does not legally exist. *See Washoe Med. Ctr. v. Second Judicial Dist. Court*, 122 Nev. 1298, 1304, 148 P.3d 790, 794 (2006). In *Baxter*, we addressed whether a declaration sworn under penalty of perjury before the plaintiff filed his complaint, but not filed until the morning after the complaint, complied with NRS 41A.071's affidavit requirement. 131 Nev. at 760, 357 P.3d at 928. We held that NRS 41A.071 did not require that the sworn declaration be physically attached to or filed with the complaint and that a preexisting sworn declaration should be read together with the complaint. *Id.* at 764-65, 357 P.3d at 931. Thus, NRS 41A.071 did not require dismissal even though the plaintiff did not file the sworn declaration with the complaint. *Id.* at 766, 357 P.3d at 931. In a similar vein, we have also held that a defective declaration may be "cured" by other evidence that the expert's statements "constitute an unsworn declaration made under penalty of perjury."[1] *MountainView Hosp., Inc. v. Eighth Judicial Dist. Court*, 128 Nev. 180, 186, 273 P.3d 861, 865 (2012).

Here, unlike in *Baxter*, it is undisputed that Tarzian's initial expert report was not accompanied by an affidavit or sworn declaration made under penalty of perjury. And, Tarzian made no argument, below or to this court, that the expert swore to the statements made in the report

---

[1]We reject Tarzian's argument that this court need not consider *MountainView*. The record reflects that Klingensmith relied on the case in moving for reconsideration and that the district court entertained the motion on its merits. *See Arnold v. Kip*, 123 Nev. 410, 417, 168 P.3d 1050, 1054 (2007) (noting that this court may consider arguments raised in a motion for reconsideration if the district court entertained the motion on its merits).

under penalty of perjury before she filed her complaint. *See Mountain View*, 128 Nev. at 186, 273 P.3d at 865 (recognizing that, when a party challenges the validity or lack of a jurat in an expert report, the plaintiff may present evidence that the statements were made under oath or sworn under penalty of perjury). Furthermore, the district court's reliance on the facts that the initial declaration was substantively identical to the "cured" declaration, that the expert reviewed Tarzian's medical file before she filed her complaint, and that the expert's opinions were stated to a reasonable degree of medical certainty was in error because these facts are inconsequential. Indeed, none of this evidence shows that the initial declaration "constitute[s] an unsworn declaration made under penalty of perjury."[2] *See id.* Because there is no evidence to show that there was a timely report made under penalty of perjury, the complaint is void ab initio. Thus,

---

[2]Instead, this evidence goes toward the lack of prejudice to Klingensmith and to the purposes underlying NRS 41A.071. While *Baxter* suggests that these issues are relevant in determining whether the district court must dismiss a case under NRS 41A.071, *see* 131 Nev. at 765-66, 357 P.3d at 931, it did not hold that such issues could overcome a failure to show, as a threshold issue, that the supporting expert swore to his statements under penalty of perjury *before* the plaintiff filed a medical malpractice complaint. Tarzian also argues that where the complaint incorporates by reference a preexisting affidavit of merit, which is thereafter filed and served with the complaint, and no party contests the authenticity of the affidavit or its date, a court may consider the affidavit as part of the pleadings in evaluating a motion to dismiss. But that argument fails in this case as it is undisputed that there was no "preexisting affidavit"; Tarzian's expert did not provide a sworn declaration under penalty of perjury until after she filed her complaint.

Tarzian's subsequent errata could not save the complaint and the district court erred in not dismissing it.[3] We therefore,

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to dismiss the case.[4]

_____, C.J.
Hardesty

_____, J.
Stiglich

GIBBONS, Sr. J, dissenting:

I would not intervene at this time and therefore dissent.

_____, Sr. J.
Gibbons

cc:    Hon. David M. Jones, District Judge
       Messner Reeves LLP
       McBride Hall
       Claggett & Sykes Law Firm
       Eighth District Court Clerk

---

[3]Based on the discussion herein, we also reject Tarzian's argument that we should deny writ relief because she substantially complied with NRS 41A.071.

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.