## IN THE SUPREME COURT OF THE STATE OF NEVADA

TAWNEY LYNN SHOEMAKER,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MARY KAY HOLTHUS, DISTRICT
JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 83738

FILED

JAN 1 4 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Younes
DEPUTY CLERK

### ORDER DENYING PETITION

This is an original petition for a writ of mandamus or prohibition seeking to have criminal charges dismissed or, alternatively, certain evidence suppressed.

Petitioner is charged with driving under the influence and resisting a public officer. Petitioner's arguments raised in this petition (regarding whether the arresting officer had reasonable suspicion of DUI and whether petitioner was in actual control of her vehicle sufficient for a DUI conviction) are fact-bound, with the framework for each issue involving a multi-factor factual analysis. *See generally State v. Rincon*, 122 Nev. 1170, 1173-74, 147 P.3d 233, 235-36 (2006) (addressing reasonable suspicion in the DUI context and explaining that in assessing the reasonableness of the officer's actions, "the evidence is viewed under the totality of the circumstances"); *Rogers v. State*, 105 Nev. 230, 233-34, 773 P.2d 1226, 1228 (1989) (providing factors that the trier-of-fact must weigh to determine whether the defendant has actual physical control of a vehicle

22-01531

for the purposes of NRS 484C.110 (DUI)). Normally this court will not address matters that are fact-bound. *See Buckwalter v. Eighth Judicial Dist. Court*, 126 Nev. 200, 201, 234 P.3d 920, 921 (2010) (noting that this court generally only entertain extraordinary relief in the context of a motion to dismiss when a writ petition presents questions of law and is not fact-bound).

In advancing these arguments, petitioner has failed to demonstrate that she lacks an adequate legal remedy by way of appeal and that extraordinary relief is warranted, and we therefore decline to exercise our discretion to entertain this petition. NRS 34.170; NRS 34.330; *Cote H. v. Eighth Judicial Dist. Court*, 124 Nev. 36, 39, 175 P.3d 906, 908 (2008) ("[N]either a writ of prohibition nor a writ of mandamus is appropriate if the petitioner has a plain, speedy and adequate remedy in the ordinary course of law." (internal quotation marks omitted)); *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) ("Petitioners carry the burden of demonstrating that extraordinary relief is warranted."); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (providing that writ relief is purely discretionary). Accordingly, we

ORDER the petition DENIED.[1]

_____, C.J.
Parraguirre

_____, J.        _____, J.
Hardesty                                              Stiglich

_____

[1]Petitioner's motion to allow video evidence to be filed in this matter is denied. We direct the clerk of the court to return, unfiled, petitioner's copy of video evidence.

cc: Hon. Mary Kay Holthus, District Judge
Gibbs Giden Locher Turner Senet & Wittbrodt LLP/Las Vegas
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk