CRAIG MORROW, Petitioner, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for THE COUNTY OF CLARK; and THE HONORABLE CYNTHIA DIANNE STEEL, District Judge, Respondents, and KOURTNEY MORROW, Real Party in Interest.

No. 61102

February 14, 2013                    294 P.3d 411

*The Grigsby Law Group* and *Aaron Grigsby*, Las Vegas, for Petitioner.

*Catherine Cortez Masto*, Attorney General, and *C. Wayne Howle*, Solicitor General, Carson City, for Respondents.

*Law Offices of Eric P. Roy* and *Eric P. Roy*, Las Vegas, for Real Party in Interest.

Before PICKERING, C.J., HARDESTY and SAITTA, JJ.

## OPINION

*Per Curiam:*

At issue in this petition for extraordinary writ relief is the procedure for determining the timeliness of a peremptory challenge of a district judge under Supreme Court Rule (SCR) 48.1. Initially, we must determine whether the time in which to file a peremptory challenge begins to run before a party's first appearance, and whether the time period is capable of expiring before the first appearance. We then must determine the method for computing the time period for bringing a peremptory challenge. By its plain language, SCR 48.1(3)(a) requires that a peremptory challenge must be filed within ten days of notice of a hearing before a judicial officer. Neither SCR 48.1 specifically, nor the SCR generally, states whether the computation of ten days includes or excludes intermediate nonjudicial days. We conclude that the time to file a peremptory challenge begins to run upon proper notice of a hearing and may expire regardless of whether a party has appeared in the action. But because we also conclude that SCR 48.1(3)(a)'s ten-day

window excludes intermediate nonjudicial days, we conclude that the instant peremptory challenge was timely filed, and thus, we grant the petition.

## FACTS AND PROCEDURAL HISTORY

On April 18, 2012, real party in interest Kourtney Morrow filed a complaint for divorce from petitioner Craig Morrow and a contemporaneous motion for child custody in the Eighth Judicial District Court. The motion sought temporary child custody and a hearing was set for May 18, 2012, to be heard by the Honorable Robert Teuton. On April 20, 2012, Kourtney properly served Craig with the summons, complaint, and motion. Thereafter, on May 4, 2012, Craig, through counsel, made his first appearance and filed a peremptory challenge against Judge Teuton. On May 8, 2012, the clerk of the court reassigned the matter to the Honorable Cynthia Dianne Steel. On May 11, 2012, Judge Steel rejected the peremptory challenge and transferred the matter back to Judge Teuton, ruling that the time to file a peremptory challenge had expired on April 30, 2012, ten calendar days after Kourtney served Craig with the summons, complaint, and motion. Craig then filed the instant writ petition.

## DISCUSSION

This writ petition involves an issue of first impression concerning computing the allowable time for filing a peremptory challenge. Extraordinary writ petitions are the appropriate means to challenge district court decisions concerning peremptory challenges. *State Engineer v. Truckee-Carson Irrig.*, 116 Nev. 1024, 1029, 13 P.3d 395, 398 (2000). ''A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion.'' *International Game Tech. v. Dist. Ct.*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (citations omitted); *see also* NRS 34.160. A writ of prohibition is available to arrest the proceedings of a district court exercising its judicial functions, when such proceedings are in excess of the district court's jurisdiction. NRS 34.320. Writ relief may be warranted when important issues of law need clarification. *See International Game Tech. v. Dist. Ct.*, 122 Nev. 132, 142, 127 P.3d 1088, 1096 (2006). As there is potential for the district courts to inconsistently apply SCR 48.1(3)(a), we elect to exercise our discretion to entertain the merits of this writ petition and to clarify this issue of law.

### Peremptory challenge rule

As a matter of right, each side in a district court civil action is entitled to change the judge assigned to the case, before any hear-

ing is commenced or any ruling is made on a contested matter, by peremptory challenge. SCR 48.1(1); SCR 48.1(5). "[T]he peremptory challenge shall be filed: (a) [w]ithin 10 days after notification to the parties of a trial or hearing date; or (b) [n]ot less than 3 days before the date set for the hearing of any contested pretrial matter, whichever occurs first." SCR 48.1(3)(a) and (b). Judge Steel concluded that Craig had received notification of the hearing on April 20, 2012, when he was served with the summons, complaint, and motion, and thus, the time to file a peremptory challenge ended on April 30, making Craig's May 4 peremptory challenge untimely. Craig argues that the time to file a peremptory challenge cannot expire until a party has made a first appearance, and thus, his May 4 peremptory challenge was timely. Kourtney contends that the time to file a peremptory challenge may expire before a first appearance and that Judge Steel properly determined that the deadline to file a peremptory challenge had lapsed by counting ten calendar days from April 20 to April 30. The first step in determining when the time to file a peremptory challenge expires is to determine when that time begins to run.

"Statutory interpretation is a question of law that we review de novo, even in the context of a writ petition." *International Game Tech.*, 124 Nev. at 198, 179 P.3d at 559. When a rule is clear on its face, we will not look beyond the rule's plain language. *See Beazer Homes Nevada, Inc. v. Dist. Ct.*, 120 Nev. 575, 579-80, 97 P.3d 1132, 1135 (2004).

The plain language of SCR 48.1(3)(a) provides only ten days to file a peremptory challenge, and in the face of that plain language, we cannot come to another construction.[1] *Beazer*, 120 Nev. at 579-80, 97 P.3d at 1135. The record shows that Craig was properly served with the summons, complaint, and motion, giving him notice of the hearing on the motion. Thus, although Craig had 20 days to respond to the complaint to avoid a default, NRCP 12(a)(1), there is no legal basis for holding in abeyance all other timelines until Craig appeared; and Craig had only ten days to file his peremptory challenge. SCR 48.1(3)(a). The fact that Craig took several days to retain counsel and did not appreciate that the time period set forth by SCR 48.1(3) had started to run does not alter

---

[1] Although some jurisdictions specifically provide that the time to file a peremptory challenge only begins to run after an appearance, *see, e.g.*, Cal. Civ. Proc. Code § 170.6(a)(2) (West Supp. 2013) (stating that any challenge to an assigned judge must be made within 15 days after notice of the all-purpose assignment, or, as to a party who has not yet appeared in the action, within 15 days after that party's first appearance), SCR 48.1(3) contains no such provision concerning appearances.

this conclusion. Indeed, in his petition, Craig notes that the warning in the summons specified that the 20-day period to respond was to avoid the entry of default, not that Craig had 20 days to avoid any negative consequence. Further, Craig concedes that he was served with the motion on April 20, 2012, and does not argue that he did not receive notification of the hearing date on that day. Thus, because Craig was properly served with the summons and complaint, and properly notified of the hearing, the ten-day period of SCR 48.1(3)(a) commenced on April 20, 2012.

*NRCP 6 controls the computation of time for SCR 48.1(3)*

SCR 48.1(3)(a) specifies that a peremptory challenge must be filed within ten days after notice of a hearing date. The district court counted ten calendar days in determining that the challenge was untimely. SCR 4 states that "[i]f any day on which an act required to be done by anyone by these rules falls on a nonjudicial day, the act may be performed on the next succeeding judicial day." SCR 4 does not discuss the computation of time, but merely addresses the treatment of days when the deadline to act falls on a nonjudicial day. By contrast, NRCP 6(a) expressly sets forth a method for "computing" time in a subsection titled "Computation" in a rule titled "Time."[2] Although Kourtney argues that SCR 4 is a timing rule that specifically excludes only nonjudicial days from the computation of time when the day to act falls on the nonjudicial day, and thus, impliedly includes intermediate nonjudicial days, we disagree with this interpretation. SCR 4 does not discuss the computation of time.

When two rules apply, they are to be harmonized and read so as to provide effect to both whenever possible. *Albios v. Horizon Communities, Inc.*, 122 Nev. 409, 418, 132 P.3d 1022, 1028 (2006). Read together, SCR 4 and NRCP 6 do not conflict, as SCR 4 simply states that all acts required to be performed by the SCR in any relevant court may be performed on the next judicial day if the day to act is a nonjudicial day.[3] SCR 4 is not a rule of timing,

[2]NRCP 6(a) states, in pertinent part, that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and nonjudicial days shall be excluded in the computation [of time]."

[3]Many of the provisions of the SCR concern appellate procedure or bar matters and have no applicability to actions in the district court. Insofar as Kourtney contends that SCR 4 is a timing rule that trumps NRCP 6(a) on the basis that they conflict and that SCR 4 is more specific to SCR 48.1, we disagree. Even if we found a conflict between SCR 4 and NRCP 6(a), we would conclude that the 2005 amendment to NRCP 6(a), extending the procedure for computing time excluding intermediate nonjudicial days to time periods less than 11 days is more specific to the time period prescribed by SCR 48.1(3), which is a time period of less than 11 days in a district court civil action. To

and thus, no SCR specifies how to compute the time set forth by SCR 48.1(3). NRCP 6(a), by its own terms, applies to the computation of any period of time prescribed or allowed by the NRCP, local rules of the district court, by an order of the court, or by any applicable statute. The NRCP govern the procedure in any civil action in the district court. NRCP 1. SCR 48.1(1) specifically states that it is a procedure in a civil action in the district court. The plain language of SCR 48.1(1) places it within the ambit of the NRCP.[4] Thus, NRCP 6(a) informs parties how to count prescribed time periods in the district court, while SCR 4 instructs parties what to do if they are required to perform some act in any court on a nonjudicial day when such court is closed.

Having determined that the time for filing a peremptory challenge begins to run upon notice of the hearing, regardless of whether an appearance has been made, and that NRCP 6(a) applies in determining the timeliness of a peremptory challenge under SCR 48.1, we conclude that with the excluded intermediate weekends, Craig's peremptory challenge was timely filed on the tenth day, May 4, 2012. Thus, Judge Steel erred in rejecting the peremptory challenge and returning the matter to Judge Teuton.

## CONCLUSION

We grant the petition and direct the clerk of this court to issue a writ of mandamus directing the district court to vacate its order rejecting as untimely petitioner's peremptory challenge and instruct the district court clerk to reassign the case to a judge other than Judge Teuton.[5]

---

the extent that the two rules could be construed to conflict, a resolution would be better made by a rule amendment. But, we conclude that a harmonious interpretation of the rules is possible, *see Albios*, 122 Nev. at 418, 132 P.3d at 1028, and accordingly, NRCP 6(a) controls.

[4]NRCP 6 has been applied to other rules not covered by the express language of NRCP 6. *See, e.g.*, FMR 1(4) (applying NRCP 6 to the Foreclosure Mediation Rules); *cf.* NAR 4(d) (adopting the same rules for calculation of time as the NRCP, which is NRCP 6, for the Nevada Arbitration Rules).

[5]We deny the alternative request for a writ of prohibition.