# IN THE SUPREME COURT OF THE STATE OF NEVADA

SERGIO B.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ROBERT TEUTON, DISTRICT JUDGE,
Respondents,
and
STATE OF NEVADA DEPARTMENT
OF FAMILY SERVICES; LINDA
BERLYN-NAVA; M. B.; AND J. B.,
Real Parties in Interest.

No. 70678



FILED

FEB 28 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION

This is an original petition for a writ of mandamus directing the district court to file a peremptory challenge and randomly reassign the underlying matter, or in the alternative, a writ of prohibition precluding the district court judge from presiding over the underlying matter.

## FACTS AND PROCEDURAL HISTORY

Subject minors M.B. and J.B. (the minor children) were removed from their home on April 2, 2016, after they made allegations against their father, Sergio B. On April 6, 2016, Sergio B.'s attorney appeared in court for a protective custody hearing where he was informed that the State planned to initiate abuse and neglect proceedings pursuant to NRS Chapter 432B and that the court would hold a plea hearing on April 20, 2016.

17-06866

Sergio B. requested that the forthcoming abuse and neglect petition be expedited or the plea hearing delayed so that he could file a peremptory challenge against the district court judge at least three days before the plea hearing as required by SCR 48.1(3)(b). The presiding senior judge denied Sergio B.'s request and informed him that he could file a peremptory challenge without waiting for the petition because he knew the identity of the judge who would hear the forthcoming petition. Sergio B., however, waited until the State filed its petition on April 19, 2016, before filing his peremptory challenge.

The district court clerk rejected Sergio B.'s challenge as untimely because it was filed less than three days before the scheduled plea hearing. Sergio B. filed a motion to determine timeliness of the peremptory challenge. The district court denied Sergio B.'s motion, finding that the peremptory challenge was invalid on the grounds that Chapter 432B's timing requirements are incompatible with SCR 48.1(3)'s timeframe.

## DISCUSSION

*Sergio B. does not have an adequate legal remedy, therefore, an extraordinary petition is the appropriate action*

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). "A writ of prohibition may be warranted when a district court acts without or in excess of its jurisdiction." *Manuela H. v. Eighth Judicial Dist. Court*, 132 Nev., Adv. Op. 1, 365 P.3d 497, 500 (2016). The decision to entertain an extraordinary writ petition lies within this court's discretion. *Id.* at 501. This court generally refuses to

issue an extraordinary writ unless "there is no plain, speedy, and adequate remedy in the ordinary course of law." *Id.* at 500. "Extraordinary writ petitions are the appropriate means to challenge district court decisions concerning peremptory challenges." *Morrow v. Eighth Judicial Dist. Court*, 129 Nev. 110, 112, 294 P.3d 411, 413 (2013).

The only issue in this petition pertains to Sergio B.'s invalidated peremptory challenge. Pursuing extraordinary relief is the appropriate action because there is no adequate remedy in the ordinary course of the law. *See Morrow*, 129 Nev. at 112, 294 P.3d at 413. Accordingly, we will consider the merits of Sergio B.'s petition.

*Sergio B.'s peremptory challenge was untimely, and the district court properly rejected it*

Sergio B. argues that he was unable to file a peremptory challenge within SCR 48.1(3)'s timeframe because the State filed its petition the day before the plea hearing, far less than the three-day cutoff prescribed by the rule. The State argues that Sergio B.'s window to file a challenge opened when he learned of the plea hearing and the identity of the judge. We agree with the State.

This petition presents a purely legal question, namely whether Sergio B.'s peremptory challenge was timely, and we review legal questions de novo. *Lawrence v. Clark Cty.*, 127 Nev. 390, 393, 254 P.3d 606, 608 (2011).

A party seeking to file a peremptory challenge must do so no later than ten days after receiving "notification . . . of a trial or hearing date" and no later than three days before the hearing date. SCR 48.1(3). "The strict time limitations contained in the rule are . . . designed to prevent its use as a device for judge shopping or the facilitation of dilatory tactics. The privilege must be exercised with dispatch or permanently

forfeited." *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 852 (1991) (internal quotations and citation omitted).

Sergio B.'s argument that he was not notified until April 19 is unpersuasive. SCR 48.1(3) starts the initial ten-day clock upon "notification" of the hearing date. As of the protective custody hearing on April 6, Sergio B. was aware that (1) the plea hearing on that petition would take place on April 20, 2016; and (2) the plea hearing would be in front of Judge Teuton.

Furthermore, on April 6, the presiding senior judge denied Sergio B.'s request to compel the State to file its petition early or stay the plea hearing to comply with SCR 48.1 because Sergio B. already knew which judge would preside on April 20. The senior judge also instructed Sergio B. to file any peremptory challenges immediately in order to comply with SCR 48.1(3).

Because Sergio B. was sufficiently notified of the plea hearing date, and informed of the judge before whom he would appear no later

than April 6, we hold that the window to file a challenge closed ten days later and Sergio B. was outside that window when he filed his challenge on April 19.[1] Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Robert Teuton, District Judge, Family Court Division
The Grigsby Law Group
Clark County District Attorney/Juvenile Division
Lewis Roca Rothgerber Christie LLP/Las Vegas
Children's Attorney Project
Eighth District Court Clerk

---

[1]The district court ruled as a matter of law that Sergio B.'s challenge was invalid because SCR 48.1 does not apply to abuse and neglect proceedings as a matter of law. We decline to address this issue because Sergio B.'s petition was untimely and was properly denied. *See Miller v. Burk*, 124 Nev. 579, 588-89, 188 P.3d 1112, 1118-19 (2008) (providing that this court avoids legal issues if unnecessary to resolve the case at hand).