**133 Nev., Advance Opinion 14**

IN THE SUPREME COURT OF THE STATE OF NEVADA

NEW HORIZON KIDS QUEST III, INC.,
A MINNESOTA CORPORATION,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
SUSAN SCANN, DISTRICT JUDGE,
Respondents,
and
ISABELLA GODOY, A MINOR BY AND
THROUGH HER MOTHER, VERONICA
JAIME,
Real Parties in Interest.

No. 69920

FILED

APR 06 2017



ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus challenging a district court order denying a motion to disqualify counsel.

*Petition denied.*

Olson, Cannon, Gormley, Angulo & Stoberski and Felicia Galati and James R. Olson, Las Vegas,
for Petitioner.

Kravitz, Schnitzer & Johnson, Chtd., and Martin J. Kravitz, Jordan P. Schnitzer, and Wade J. Van Sickle, Las Vegas,
for Real Parties in Interest.

17-11412

BEFORE CHERRY, C.J., DOUGLAS and GIBBONS, JJ.

*OPINION*

By the Court, DOUGLAS, J.:

In this original petition for a writ of mandamus, we are asked to consider whether an attorney and his current firm should be disqualified from representing real parties in interest in a case against petitioner when the attorney's prior firm defended petitioner in a previous and separate case.

We conclude that the Nevada Rules of Professional Conduct operate to disqualify a lawyer only when that lawyer, while employed at his former firm, gained actual knowledge of information protected by rules of confidentiality. In particular, if a lawyer acquired no confidential information about a particular client while at his former law firm and that lawyer later joins another firm, neither the lawyer nor his current firm are disqualified from representing a different client in the same or related matter even though the interests of the former and current clients conflict. We therefore deny the petition.

*FACTS*

In 2007, the law firm Hall Jaffee & Clayton (HJC) defended petitioner New Horizon Kids Quest III, Inc., in a tort action, namely *Robann C. Blue, a Minor, by and through her Guardian ad Litem, Sandi Williamson v. New Horizon Kids Quest III, Inc. (Blue)*. Only two attorneys at HJC participated in HJC's representation of petitioner in *Blue*. Ultimately, the district court dismissed *Blue* with prejudice through stipulation and order.

For about the last half of HJC's representation in *Blue*, Jordan P. Schnitzer worked as an associate attorney at the firm. However,

Schnitzer never represented petitioner in *Blue* or obtained confidential information regarding petitioner while employed at HJC. In 2011, Schnitzer left HJC to join the law firm Kravitz, Schnitzer & Johnson, Chtd. (KSJ).

In 2014, Martin J. Kravitz from KSJ filed a tort action on behalf of real parties in interest Isabella Godoy, a minor, by and through her mother Veronica Jaime, against petitioner. After accepting this case, Kravitz discovered that HJC defended petitioner in *Blue*. He knew that Schnitzer previously worked at HJC and further inquired into Schnitzer's involvement in *Blue*. Schnitzer told Kravitz that he "had absolutely no knowledge about the *Blue* case" and confirmed that he had not gained any confidential information concerning petitioner while at HJC. Thus, Kravitz determined screening was not required and permitted Schnitzer to assist on this case.

In 2015, petitioner also discovered that Schnitzer worked at HJC during part of its representation in *Blue*. Petitioner then filed a motion to disqualify real parties in interest's attorneys, Kravitz and Schnitzer. Based on Schnitzer's affidavit denying obtainment of any confidential information concerning petitioner, and an affidavit from an attorney at HJC who participated in *Blue* confirming that Schnizter had not worked on that case, the district court concluded that Schnitzer never obtained confidential information from *Blue*. The court further concluded that the cases cited by petitioner in support of its position were distinguishable. Ultimately, the district court denied the motion. Petitioner then filed the instant petition for a writ of mandamus seeking review of the district court's order. Real parties in interest filed a timely answer, and oral argument was held.

## DISCUSSION

This court has original jurisdiction to grant a writ of mandamus, and issuance of such extraordinary relief is solely within this court's discretion. Nev. Const. art. 6, § 4; *MountainView Hosp., Inc. v. Eighth Judicial Dist. Court*, 128 Nev. 180, 184, 273 P.3d 861, 864 (2012). "A writ of mandamus is available to compel the performance of an act that the law requires . . . or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Furthermore, "[t]his court has consistently held that mandamus is the appropriate vehicle for challenging orders that disqualify counsel." *Nev. Yellow Cab Corp. v. Eighth Judicial Dist. Court*, 123 Nev. 44, 49, 152 P.3d 737, 740 (2007). Therefore, this petition for a writ of mandamus is properly before us.

Petitioner argues that the district court erred in denying its motion to disqualify Schnitzer and KSJ pursuant to the Nevada Rules of Professional Conduct (RPC). Specifically, petitioner argues that a presumption of imputed knowledge applies, and thus, Schnitzer and KSJ are disqualified based upon HJC's prior representation of petitioner in *Blue*. In contrast, real parties in interest argue that such a presumption of shared confidences does not apply due to the absence of evidence indicating that Schnitzer acquired confidential information regarding petitioner while employed at HJC. We agree with real parties in interest and conclude that petitioner's interpretation of the RPC is too strict in light of the lack of evidence showing that any confidential information was gained.

This court pays deference to the district court's familiarity with the facts of the case at issue to determine if disqualification is

warranted. *Nev. Yellow Cab Corp.*, 123 Nev. at 54, 152 P.3d at 743. Accordingly, we will not overturn the district court's decision in attorney disqualification matters absent an abuse of its broad discretion. *Waid v. Eighth Judicial Dist. Court*, 121 Nev. 605, 609, 119 P.3d 1219, 1222 (2005). Additionally, "[t]his court reviews a district court's interpretation of a statute or court rule . . . de novo, even in the context of a writ petition." *Marquis & Aurbach v. Eighth Judicial Dist. Court*, 122 Nev. 1147, 1156, 146 P.3d 1130, 1136 (2006). "When a rule is clear on its face, we will not look beyond the rule's plain language." *Morrow v. Eighth Judicial Dist. Court*, 129 Nev. 110, 113, 294 P.3d 411, 414 (2013).

RPC 1.9(b) governs duties to former clients and states that:

> A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:
>
> (1) Whose interests are materially adverse to that person; and
>
> (2) *About whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter;*
>
> (3) Unless, the former client gives informed consent, confirmed in writing.

(Emphasis added.)[1] Pursuant to RPC 1.10(a), an attorney's disqualification under RPC 1.9 is imputed to all other attorneys in that disqualified attorney's law firm. However, a disqualified attorney's law

---

[1]RPC 1.6 governs the confidentiality of information that an attorney received from a client, and RPC 1.9(c) governs an attorney's use of a former client's confidential information.

firm may nevertheless represent a client in certain circumstances if screening and notice procedures are followed. *See* RPC 1.10(e).

The plain language of RPC 1.9(b) requires that a lawyer be disqualified if (1) the current representation is materially adverse to the attorney's former firm's client, and (2) the attorney acquired confidential information about the client that is material to the current representation, unless the attorney's former firm's client gives informed consent. The requirement that the attorney actually acquire confidential information about his former firm's client is not a presumption; rather, it is a factual matter for the district court to resolve. In the absence of an attorney acquiring such confidential information, it follows that the attorney is not disqualified, and imputed disqualification pursuant to RPC 1.10 does not apply. Therefore, we conclude that the district court appropriately ended its inquiry when it determined that Schnitzer never obtained any confidential information.

Comments by the American Bar Association (ABA) further support our conclusion. RPC 1.9 is identical to the ABA Model Rule 1.9, and thus, the ABA's comments provide clarity to the rule with an instructive example. *See* RPC 1.0A (stating that comments to the ABA Model Rules "may be consulted for guidance in interpreting and applying" the RPC). The ABA has commented that Rule 1.9(b) only disqualifies a lawyer moving to another firm when that lawyer "has actual knowledge of information protected by [rules of confidentiality]." Model Rules of Prof'l Conduct r. 1.9 cmt. 5 (2016). For example:

> [I]f a lawyer while with one firm acquired no knowledge or information relating to a particular client of the firm, and that lawyer later joined

SUPREME COURT
OF
NEVADA

(O) 1947A

6

another firm, neither the lawyer individually nor the second firm is disqualified from representing another client in the same or a related matter even though the interests of the two clients conflict.

*Id.* This example is supported with sound reasoning:

[I]t should be recognized that today many lawyers . . . move from one association to another several times in their careers. If the concept of imputation were applied with unqualified rigor, the result would be radical curtailment of the opportunity of lawyers to move from one practice setting to another and of the opportunity of clients to change counsel.

Model Rules of Prof'l Conduct r. 1.9 cmt. 4 (2016).

Thus, the comments to the model rules expressly require Schnitzer to have actually received confidential information from HJC's former representation in *Blue* to warrant disqualification. This comports with our interpretation of RPC 1.9(b), and in the absence of Schnitzer's disqualification, imputing disqualification to the other attorneys of Schnitzer's second firm, KSJ, is inappropriate.

In addition to the plain language of RPC 1.9(b) and the ABA's comments illustrating this rule, our prior case law also supports our conclusion. In the context of a nonlawyer formerly employed by a different law firm, this court has held that the nonlawyer's current employer is not disqualified because "mere access to the adverse party's file during the former employment is insufficient to warrant disqualification." *Leibowitz v. Eighth Judicial Dist. Court*, 119 Nev. 523, 530, 78 P.3d 515, 519 (2003). Rather, imputed disqualification of the nonlawyer's new employer only applies when the nonlawyer acquired confidential information. *Id.* at 530, 78 P.3d at 520.

Petitioner misinterprets *Ryan's Express Transportation Services, Inc. v. Amador Stage Lines, Inc.*, 128 Nev. 289, 279 P.3d 166 (2012), and relies upon distinguishable federal cases to support its argument. In particular, while RPC 1.10, 1.11, and 1.12 do impose a presumption of shared confidences for imputed disqualification amongst attorneys and their current firms, RPC 1.9(b) does not. RPC 1.9(b) presumes that an attorney did not participate in representing the former firm's client.[2] *Edwards v. 360° Communications*, 189 F.R.D. 433 (D. Nev. 1999), is more analogous to the facts here. In *Edwards*, the court found it inappropriate to disqualify an attorney or apply imputed disqualification when the attorney was uninvolved in his former firm's prior representation. *Id.* at 437. The court explained that "an attorney who was not directly involved in a law firm's representation of a client cannot be imputed with actual knowledge of confidential information once that attorney resigns from employment with that firm." *Id.* at 436. We agree.

---

[2]If an attorney was directly involved in representing his former firm's client in a matter, then RPC 1.9(b) does not apply, RPC 1.9(a) does. This was the situation that we considered in both *Waid*, 121 Nev. 605, 119 P.3d 1222 (examining whether an attorney's former representation of a client was substantially similar to the attorney's current adverse representation of another client), and *Nevada Yellow Cab Corp.*, 123 Nev. 44, 152 P.3d 737 (examining a situation wherein one attorney transferring to a new firm had represented the former firm's client), and they are both distinguishable on their facts.

Here, due to absence of evidence in the record indicating that Schnitzer acquired any confidential information from HJC's prior representation of petitioner in *Blue,* the district court did not abuse its discretion by denying petitioner's motion to disqualify real parties in interest's attorneys. Accordingly, we deny the petition for writ relief.

_____, J.
Douglas

We concur:

_____, C.J.
Cherry

_____, J.
Gibbons