# IN THE SUPREME COURT OF THE STATE OF NEVADA

FIRSTSTREET FOR BOOMERS &
BEYOND, INC.; AND AITHR DEALER,
INC.,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
CRYSTAL ELLER, DISTRICT JUDGE,
Respondents,
and
ROBERT L. ANSARA, AS SPECIAL
ADMINISTRATOR OF THE ESTATE
OF SHERRY LYNN CUNNISON,
DECEASED; ROBERT L. ANSARA, AS
SPECIAL ADMINISTRATOR OF THE
ESTATE OF MICHAEL SMITH,
DECEASED HEIR TO THE ESTATE OF
SHERRY LYNN CUNNISON,
DECEASED; DEBORAH TAMANTIN
INDIVIDUALLY, AND HEIR TO THE
ESTATE OF SHERRY LYNN
CUNNISON, DECEASED; HALE
BENTON, INDIVIDUALLY; AND
JACUZZI, INC., D/B/A JACUZZI
LUXURY BATH,
Real Parties in Interest.

No. 83379

FILED

MAR 15 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER GRANTING PETITION FOR A WRIT OF MANDAMUS

This original petition for a writ of mandamus challenges a district court discovery sanction order in a torts action. Petitioners firstSTREET for Boomers & Beyond, Inc. and AITHR Dealer, Inc. marketed and sold decedent Sherry Lynn Cunnison a walk-in tub manufactured by real party in interest Jacuzzi, Inc. After her death, Sherry's family, the

SUPREME COURT
OF
NEVADA

(O) 1947A

22-08215

Cunnison real parties in interest, brought a negligence and product liability action against petitioners and Jacuzzi. Following several years of litigation, the district court found that petitioners, not their attorneys, had violated their mandatory disclosure duties under NRCP 16.1 and sanctioned them by striking their answer as to liability. Petitioners now challenge that order in this petition for a writ of mandamus.[1]

A writ of mandamus "is available to compel the performance of an act that the law requires . . . or to control an arbitrary or capricious exercise of discretion." NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). And, "[w]hile an appeal generally constitutes an adequate and speedy remedy precluding writ relief," *Cote H. v. Eighth Judicial Dist. Court*, 124 Nev. 36, 39, 175 P.3d 906, 908 (2008) (footnote and internal quotations omitted), this court has exercised its discretion to grant writ relief when a district court's erroneous application of the law leads to a manifest abuse of discretion, *State v. Dist. Court (Armstrong)*, 127 Nev. 927, 932, 267 P.3d 777, 780 (2011) (explaining that a clearly erroneous interpretation or application of a law or rule constitutes a manifest abuse of discretion). We exercise our discretion to entertain this petition because the district court failed to apply the plain language of the relevant Nevada Rules of Civil Procedure, resulting in a manifest abuse of its discretion in its decision under those rules. *See id.; Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991) (recognizing that writ relief is an extraordinary remedy and that this court has sole discretion in determining whether to entertain a writ petition). Additionally, our consideration of this

---

[1]The order in question was entered by Judge Richard Scotti.

petition promotes judicial economy and administration, *see Redeker v. Eighth Judicial Dist. Court*, 122 Nev. 165, 167, 127 P.3d 520, 522 (2006), *limited on other grounds by Hidalgo v. Eighth Judicial Dist. Court*, 124 Nev. 330, 341, 184 P.3d 369, 377 (2008), because it corrects legal error that, if uncorrected, will adversely affect the future proceedings in this case.

Petitioners argue that the district court erred in sanctioning them under NRCP 16.1 because petitioners did not violate a court order. Reviewing the district court's interpretation of NRCP 16.1 de novo, *see Dep't of Tax. v. Eighth Judicial Dist. Court*, 136 Nev. 366, 369, 466 P.3d 1281, 1283 (2020) (reviewing a district court's interpretation of NRCP 16.1 de novo in the context of a writ petition), we agree. NRCP 16.1(e)(3) provides,

> If an attorney fails to reasonably comply with any provision of this rule, or if an attorney or a party fails to comply with an order entered under Rule 16.3, the court, on motion or on its own, should impose upon a party or a party's attorney, or both, appropriate sanctions in regard to the failure(s) as are just . . .

Under NRCP 16.1's plain language, for the district court to sanction a *party's* conduct, the party must have disobeyed an order entered under NRCP 16.3 (concerning discovery commissioners). NRCP 16.1(e)(3) (providing, in relevant part, that the district court may impose appropriate sanctions on a party where it fails to comply with an order entered under Rule 16.3); *see also Morrow v. Eighth Judicial Dist. Court*, 129 Nev. 110, 113, 294 P.3d 411, 414 (2013) ("When a rule is clear on its face, we will not look beyond the rule's plain language."); *Webb, ex rel. Webb v. Clark Cty. Sch. Dist.*, 125 Nev. 611, 618, 218 P.3d 1239, 1244 (2009) (explaining that "the rules of statutory interpretation apply to Nevada's Rules of Civil Procedure"). But here, the district court ignored the plain language of NRCP 16.1(e)(3) when it imposed sanctions on petitioners without first

entering, and petitioners violating, an NRCP 16.3 order compelling discovery. Indeed, the district court failed to identify any order petitioners violated that would justify sanctions under NRCP 16.1.[2]

The Cunnison real parties in interest identify a minute order wherein the district court directed petitioners to make certain additional disclosures, arguing petitioners' purported violation of that minute order supports the sanctions under NRCP 16.1. We disagree, as a minute order is not effective for any purpose, *Rust v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987) (concluding that "the clerk's minute order, and even an unfiled written order are ineffective for any purpose"), which would include for the purpose of imposing sanctions under NRCP 16.1(e)(3). Furthermore, the minute order was not issued pursuant to NRCP 16.3 as required by NRCP 16.1(e)(3) and the district court did not find that it was a facially clear discovery order that petitioners disobeyed. *See Nev. Power Co. v. Fluor Ill.*, 108 Nev. 638, 645, 837 P.2d 1354, 1359 (1992) (explaining that to impose sanctions for a party's misconduct, the district court must first "determine[ ] that a facially clear discovery order was disobeyed"). Based on the foregoing, we agree with petitioners that the district court manifestly abused its discretion in sanctioning petitioners under NRCP 16.1 such that writ relief is warranted.[3] Accordingly, we

---

[2]We decline to consider the parties' arguments relative to other rules justifying the district court's action, as NRCP 16.1(e)(3) is the only rule the district court relied on as a basis for imposition of sanctions in its order.

[3]Based on our decision, we need not address petitioners' remaining arguments.

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order striking petitioners' answer as to liability.[4]

_____ , J.
Cadish

_____ , J.
Pickering

_____ , J.
Herndon

cc:   Hon. Crystal Eller, District Judge
Thorndal Armstrong Delk Balkenbush & Eisinger/Las Vegas
Lewis Roca Rothgerber Christie LLP/Las Vegas
Richard Harris Law Firm
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC/Las Vegas
Charles Allen Law Firm
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC/Atlanta
Eighth District Court Clerk

---

[4]We lift the stay imposed by this court on November 23, 2021.